PER CURIAM.
Appellant was charged by information with unlawful sale of a narcotic drug. There was considerable preliminary skirmishing by counsel for the defendant attempting to secure evidence in the possession of the State Attorney’s office. The pre-trial discovery disclosed that the sale had been made to an informant; that the informant had been wired for sound or his telephone conversations with the defendant had been electronically intercepted. Although police authorities believed they had delivered all of the transcriptions to the State Attorney’s office, counsel for the defendant [from his discovery] made it appear that the transcriptions that were submitted to him were not the entire transcriptions or tapes made of the several conversations between the informant and the defendant. Apparently some of the conversations were inaudible because of faulty equipment and others may have been negligently misplaced.
When the matter finally came on for trial, it was stipulated that the defendant admitted the sale and would rely on the transcriptions that were then available to support his defense of entrapment, whereupon all the parties having agreed to such a proceeding the trial judge reviewed the transcriptions and the recordings, and found the defendant guilty as charged, thereby rejecting the defense of entrapment.
It appears from the record that the defendant had been a dealer in illicit drugs, was not any innocent pawn, was well aware of the consequences of his act, and all the informant did was afford the defendant an opportunity to make the sale. Koptyra v. State, Fla.App.1965, 172 So.2d 628; State v. Rouse, Fla.App.1970, 239 So.2d 79; Brosi v. State, Fla.App.1972, 263 So.2d 849. Therefore, we find no merit in the first point [that the transcripts themselves entitled the defendant to a judgment of acquittal on the defense of entrapment],
On the second point, the appellant urges the trial court erred in failing to dismiss the information and proceeding to trial, because of the failure of the State to produce all the tapes and transcriptions made between the informant and the defendant. This was a discretionary ruling on the part of the trial judge. Sheridan v. State, Fla.App.1971, 258 So.2d 43; United States v. Saitta, 5th Cir. 1971, 443 F.2d 830. And, we do not find that the trial judge abused his discretion in refusing to grant the motion to dismiss. There were other types of sanctions that could have been imposed, such as the failure to permit the State to use any of the transcriptions in support of their case in chief. But, the defendant elected to utilize so much of the tapes and their transcriptions as were available and he cannot now urge error in the court doing what he asked the court to do. Gagnon v. State, Fla.App.1968, 212 So.2d 337; Bianchi v. State, Fla.App. 1973, 272 So.2d 8. The trial could have proceeded in a normal course. If the State had *23 attempted to introduce the tapes and their transcriptions, an appropriate objection could have been made and the trial court’s ruling thereupon duly tested. But, as the case proceeded the defendant should not now be heard to urge error in this regard.
Therefore, the final judgment here under review be and the same is hereby affirmed.
Affirmed.