323 So.2d 296 (1975)
Lovon PONDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-671.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
PER CURIAM.
Lovon Ponder, defendant in the trial court, appeals his judgment of conviction and sentence to 20 years in the state penitentiary following a jury trial on the charge of robbery.
The pertinent facts are that on October 25, 1974, Ponder entered the shop of watchmaker Jerome Murrary to inquire about having a watch movement placed inside a locket. Shortly after he left, four black men entered the shop, pointed a gun at Murrary, advised him that it was a holdup, and proceeded to take watches, rings and cash from the shop. Police officers in the neighborhood heard a burglar alarm and began to follow a moving car with four black men inside. When the car came to a stop, the four black men were apprehended. Ponder, the defendant, was the driver of the car. The missing items of jewelry and cash were found in the car. One of the police officers testified at trial that Ponder confessed to the robbery during questioning at the police station. Ponder denied confessing and claimed, in effect, that the robbers jumped in and commandeered his car at gunpoint. The jury found Ponder guilty of robbery. The trial judge adjudged him guilty and sentenced him to 20 years in the state penitentiary.
*297 Ponder raises two points on appeal. First, that the trial court erred in denying his motion for a judgment of acquittal in that the State failed to prove the requisite element of intent to aid, abet or assist in the perpetration of the robbery. Second, that the trial court erred in denying the motion to suppress statements allegedly made to a police officer during a custodial interrogation, in that the State failed to sustain its burden of proving that the defendant made a knowing and intelligent waiver of his right against self incrimination and his right to have counsel present during questioning as guaranteed by the Constitution.
From the record, it appears that Ponder was advised of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. A resolution of the issues as to the voluntariness of a confession is for the trial court, whose province it is to judge the credibility of the witnesses and the weight of the evidence. Reynolds v. State, Fla.App. 1969, 222 So.2d 246. The trial court's ruling on a motion to suppress comes to this court with a presumption of correctness and, in testing the accuracy of the trial court's conclusions we should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain these conclusions. Rodriquez v. State, Fla.App. 1966, 189 So.2d 656, 660. The fact that the confession was not written or recorded but was oral goes only to the weight to be given to it, first by the trial judge in determining its voluntariness and then by the jury in determining its evidentiary weight. Ashley v. State, Fla. 1972, 265 So.2d 685, 690.
The record contains other evidence in addition to the confession which is competent to establish Ponder's intent. This court will not substitute its judgment of such matters for that of the jury nor pit its judgment against that of the jury in the determination of factual issues presented at trial. Jefferson v. State, Fla.App. 1974, 298 So.2d 465.
For the reasons above stated, the trial court is affirmed in all respects.
Affirmed