353 So.2d 1219 (1977)
Thomas Leo COLLIER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-2143 to 76-2145.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Rehearing Denied January 30, 1978.
David A. Russell, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and John C. Moppert, Legal Intern, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
*1220 PER CURIAM.
In these consolidated appeals Thomas Leo Collier seeks reversal of his conviction for burglary of a conveyance and an order revoking his probation.
Defendant Collier along with Earnest Wilson was arrested and charged with burglary of a conveyance. While in police custody, defendant wrote out a confession admitting he had aided Wilson by opening the window of the burglarized truck. Collier was on probation at the time for carrying a concealed firearm (case # 73-8126) and burglary of a conveyance, grand larceny and loitering or prowling (case # 76-511) and as a result of the instant pending burglary charge, an affidavit of violation of probation was filed. Thereafter, defense counsel invoked the reciprocal rules of discovery and filed a motion to suppress Collier's confession on the ground that it was coerced. At a hearing on the motion to suppress, Collier testified that he had been beaten by the police. The officers who allegedly beat him denied the accusations. Upon conclusion of the hearing, the trial judge found that Collier's confession was procured without coercion and denied the motion to suppress. The revocation of probation hearing (on cases # 73-8126 and 76-511) followed. Mrs. Raleigh, an eyewitness to the (Collier-Wilson) burglary, testified that she was brought to the police station and was unable to pick out Collier or Wilson from 12 mug shots shown to her. However, she was able to identify Collier at the hearing. Thereupon, defense counsel moved to dismiss the probation violation charges on the ground that the prosecution violated the reciprocal rules of discovery in that he failed to disclose the fact that Mrs. Raleigh had been shown mug shots and was unable to identify Collier therefrom. Collier testified at the hearing that his presence at the scene only involved his attempts to dissuade Wilson from burglarizing the truck. At the end of the hearing, the trial judge revoked Collier's probation. Thereafter, Collier changed his plea to the present burglary of a conveyance charge from not guilty to nolo contendere. He was adjudicated guilty and sentenced to four years imprisonment on this charge.
For his first point on appeal Collier argues that the trial judge erred in denying his motion to suppress his confession.
The established law is that the resolution of the issue of the voluntariness of a confession is for the trial judge whose province it is to pass upon the credibility of the witnesses and the weight of the evidence. Reynolds v. State, 222 So.2d 246 (Fla. 3d DCA 1969); Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975). Further, the trial court's ruling on a motion to suppress comes to the appellate court with a presumption of correctness and in testing the accuracy of the trial court's conclusions, this court should interpret the evidence and all reasonable inferences therefrom in a light most favorable to sustain these conclusions. Rodriquez v. State, 189 So.2d 656, 660 (Fla. 3d DCA 1966); Ponder supra.
Reviewing the denial of the instant motion to suppress in accordance with the above principles of law, we find that there was competent substantial evidence presented upon which the denial order was based and, thus, we will not disturb this order on appeal. See Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976).
Collier secondly contends that the judge erred in denying the motion to dismiss the violation of probation charges because of the prosecution's failure to make full and complete discovery after the reciprocal rules of discovery were invoked.
In order to be entitled to dismissal for the prosecution's violation of a rule of discovery, defendant must show that noncompliance with the particular rule resulted in prejudice or harm to him (or her). Richardson v. State, 246 So.2d 771 (Fla. 1971); Mobley v. State, 327 So.2d 900 (Fla. 3d DCA 1976).
Collier claims he was prejudiced by not having the information about the inability of Mrs. Raleigh to identify him and Wilson from the mug shots shown her by the police shortly after the robbery. We *1221 fail to see how Collier was harmed or prejudiced thereby. This information was brought out on direct examination f Mrs. Raleigh. Thereafter, Collier's counsel was able to extensively cross-examine her with regards to the mug shots and her inability to identify Collier therefrom in an attempt to attack her credibility with respect to her in-court identification of Collier.
We also conclude that Collier's last point on appeal is meritless.
Affirmed.