398 So.2d 962 (1981)
STATE of Florida, Appellant,
v.
Danny Lee LOWE, Appellee.
No. 80-1149.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
Rehearings Denied June 17, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, for appellant.
Donald A. Wich, Jr., of Sullivan, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellee.
DOWNEY, Judge.
The State seeks reversal of an order dismissing all three counts of an indictment and discharging appellee as a sanction for discovery violations.
On July 31, 1979, Danny Lee Lowe, a juvenile, was arrested on charges of sexual battery, armed robbery, and breaking and *963 entering. No certification hearing having been held within 21 days, the State nolle prossed the case and obtained a grand jury indictment containing the identical charges.
Without detailing all of the motions to compel discovery, orders thereon, and rules to show cause for the State's failure to comply with the discovery rules, suffice to say that the Broward County Sheriff's office simply did not measure up to its obligations to furnish discovery pursuant to either the Rules of Criminal Procedure or the Court's orders in this case. As a result the trial judge elected to invoke the ultimate sanction for such recalcitrance and discharged Lowe from all pending charges.
The sanctions to be invoked for failure of a party[1] to comply with discovery is a matter within the sound judicial discretion of the trial judge, and it is only with the utmost reluctance that we interfere with that exercise of discretion. However, dismissal of serious criminal charges or discharge of a defendant in a criminal case is an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists. See, e.g., State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980). In this case, Lowe had finally obtained the material he sought, albeit right on the eve of trial.[2] At least three weeks remained before the speedy trial time expired and the State suggested to the trial judge that the defendant be granted a continuance of three weeks so as to fully acquaint himself with the newly obtained materials. The trial judge refused to grant the suggested continuance and therein we feel he abused his discretion. The only possible problem which could have been engendered by granting the continuance was a docket problem in reaching the case three weeks from the previously scheduled trial date. But if that eventuality came to pass, at worst the prosecution would be terminated by expiration of the time allowed for speedy trial.
Although the trial judge acted improperly in dismissing all three counts for discovery violations, we hold he acted properly in dismissing Counts I and II of the indictment under the rule set forth in Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980). However, he erred in dismissing Count III and he further erred in discharging appellant from any of the charges laid in said three counts.
We therefore affirm the order under review insofar as it dismisses Counts I and II of the indictment, reverse the order insofar as it (a) dismisses Count III and (b) discharges Lowe from prosecution for all three counts, and remand the cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
MOORE and HERSEY, JJ., concur.
NOTES
[1] The trial judge expressly found that the fault in this case lay with the Sheriff's Office rather than the State Attorney's Office.
[2] While defense counsel exerted Herculean efforts to successfully locate evidence in the Sheriff's files that might benefit the defendant at trial, those exertions were not engaged in until three days before the scheduled trial date.