404 So.2d 1181 (1981)
STATE of Florida, Appellant,
v.
Richard H. JAMES, Appellee.
No. 81-425.
District Court of Appeal of Florida, Second District.
October 23, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellee.
SCHEB, Chief Judge.
The state appeals from an order granting the defendant's motion to suppress evidence concerning contraband which had been destroyed by the sheriff's department. We reverse.
The state filed an information charging the defendant, Richard H. James, with possession of marijuana. In response to his demand for discovery, the state informed him that he could test the alleged contraband. His counsel then deposed the state's chemist concerning the chain of custody and analysis of the contraband, but did not ask to conduct any tests. Trial was set for November 7, 1978, at which time the state's chemist appeared and brought the contraband. The defendant, however, had escaped. He was arrested two years later and trial was reset. Prior to trial, the state learned that the contraband had been destroyed by the sheriff's department as part of its routine procedure for destroying contraband in older cases. The state immediately informed the defendant who then moved to suppress the evidence of contraband. The court granted the motion and this appeal ensued.
Where the destruction of evidence is unnecessary and is not an unavoidable result of the testing process, introduction of testimony concerning the evidence may violate a defendant's due process rights. For example, where a state's chemist intentionally *1182 destroyed a substance alleged to be cocaine after the defendant had filed a timely notice to produce and the trial court denied the defendant's motion to suppress, the appellate court overturned the defendant's conviction. Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979). However, to be entitled to relief, a defendant generally must show that the destruction of evidence resulted in some demonstrable prejudice to him. See, e.g., United States v. Herndon, 536 F.2d 1027 (5th Cir.1976); State v. Snell, 391 So.2d 299 (Fla. 5th DCA 1980); Adams v. State, 367 So.2d 635 (Fla.2d DCA 1979); Farrell v. State, 317 So.2d 142 (Fla. 1st DCA 1975). In Herndon the government seized and destroyed illegal moonshine whiskey before trial. The trial court found that the defendant failed to establish that he had been prejudiced by the evidence's destruction. There, the court noted that the defendant had made his first demand for the physical evidence in the middle of the trial, some ten months after his indictment. Moreover, defense counsel had stated that he did not file a motion to obtain a sample of the whiskey mash because he preferred merely to cross-examine the expert witness as to his analysis.
Herndon is analogous to the situation in the instant case. Here, defense counsel also had the opportunity, prior to the initial trial date, to test the alleged contraband and failed to do so. Instead, he chose to cross-examine the state's chemist concerning his analysis. Moreover, the defendant by his escape delayed the trial for two years by which time the sheriff's department, as part of its routine procedure, had destroyed the evidence. It was only after the case had been reset for trial and defense counsel knew of the destruction of the contraband that he requested production of that evidence. While mere delay of a trial would not ordinarily excuse the destruction of crucial evidence, the fact that defense counsel had ample opportunity to test the contraband, combined with the delay unlawfully caused by the defendant, demonstrate that the defendant was not prejudiced by the destruction of the evidence.
We reverse and remand for further proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.