409 So.2d 1187 (1982)
STATE of Florida, Appellant,
v.
Fred WEINFURT, Appellee.
No. 81-1046.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
*1188 Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellant.
P.D. Aiken, Fort Lauderdale, for appellee.
PER CURIAM.
Appellee's defense to the charge of sale of a controlled substance was entrapment. He contended that a confidential informant employed and paid by the police enticed him into delivering the contraband and was present at the sale. Upon appellee's motion the trial court ruled that appellee could take the deposition of the informant; however, appellee was unsuccessful in obtaining the deposition of the informant and sought sanctions against the State for its failure to divulge the informant's whereabouts. It appears the State decided it would not comply with the court's order to either produce the witness for deposition or give appellee his address. Since that left the court no alternative, it dismissed the information.
Oddly enough, on appeal the State contends the trial judge should have continued the case. That contention is rejected out of hand. The record reflects the State was in touch with the witness and simply refused to divulge his whereabouts. The sanction therefore was perfectly appropriate and the order of dismissal is affirmed.
AFFIRMED.
DOWNEY and DELL, JJ., and SCHWARTZ, ALAN R., Associate Judge, concur.