FRANK D. UPCHURCH, Jr., Judge.
The state appeals from an order granting appellee’s motions to suppress, to impose sanctions and to dismiss. We reverse.
Appellee was arrested in April 1978, and charged with possession and delivery of cannabis and phencyclidine. His counsel withdrew in September of 1978. He then jumped bond and was not recaptured until 1981.
During appellee’s absence as a fugitive, the evidence was destroyed by the police pursuant to routine procedure for destroying contraband in older cases. Defense counsel, who appeared subsequent to appel-lee’s recapture, learned of the destruction of the evidence and moved to suppress testimony pertaining to the contraband, to impose sanctions on the state for the destruction of the evidence and to dismiss the information.
We agree with the holding in State v. James, 404 So.2d 1181 (Fla.2d DCA 1981), which involved substantially identical facts. There the court stated:
[T]he defendant by his escape delayed the trial for two years by which time the sheriff’s department, as part of its routine procedure, had destroyed the evidence. It was only after the case had been reset for trial and defense counsel knew of the destruction of the contraband that he requested production of that *197 evidence. While mere delay of a trial would not ordinarily excuse the destruction of crucial evidence, the fact that defense counsel had ample opportunity to test the contraband [prior to the initial trial date], combined with the delay unlawfully caused by the defendant, demonstrate that the defendant was not prejudiced by the destruction of the evidence.
We therefore REVERSE and REMAND for a new trial.
ORFINGER and SHARP, JJ., concur.