418 So.2d 1059 (1982)
STATE of Florida, Appellant,
v.
Roy Ozzie BANKS, Appellee.
No. 82-449.
District Court of Appeal of Florida, Second District.
July 28, 1982.
Rehearing Denied August 25, 1982.
*1060 Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
The state appeals an order dismissing the indictment against appellee Roy Ozzie Banks. We reverse.
Appellee was arrested on September 3, 1981, and was subsequently indicted for first-degree murder.
Appellee made numerous demands for discovery beginning as early as September 29, 1981. The first response the state made to any of appellee's demands for discovery came on January 4, 1982. Amended discovery responses were filed on February 5, 1982, and February 10, 1982.
Appellee filed six motions to dismiss the indictment against him, the second and fifth of which were granted, resulting in the order of dismissal now being appealed. Both of the motions which the trial court found to have merit were filed on February 22, the date originally set for trial, and were heard the following day.
The second motion to dismiss alleged that in spite of appellee's demands for discovery, appellee did not learn until February 18, 1982, when he deposed Stephen B. Edwards of the Tampa Police Department, that a .22 caliber revolver was found on the victim's person after he was shot.
The fifth motion to dismiss alleged that the state failed to supply appellee with the names of Larry Bowman, Joe Mack, Reggie House, and Clarence, all of whom were alleged witnesses to the shooting, and that appellee did not become aware of these witnesses until he deposed Leroy D. Black of the Tampa Police Department on February 18, 1982. The motion further alleged that appellee became aware of three other witnesses allegedly present when the shooting occurred who were not listed by the state in discovery, Cedric A. Jones, James Brown, and a black female whose last name was Mack, when appellee deposed Ed Wonka, an investigator with the state attorney's office, on February 19, 1982.
The state's response to the latter motion was that it had not been able to ascertain whether the alleged witnesses were real people or had relevant information. Appellee responded that he should have been given the chance to find these people and learn whether they had pertinent information.
While the state's failure to provide appellee with the information in question may have constituted a violation of the discovery rules, it does not appear that the violations were wilful. More important, and controlling here, is the fact that appellee became aware of the information on February 18, 1982. Prejudice does not result where the defendant obtains the information through other means. Sireci v. State, 399 So.2d 964 (Fla. 1981).
Appellee argued, however, that since trial was scheduled for February 22, 1982, he was prejudiced in that he did not have time to locate these witnesses and prepare for the impact of their possible testimony. We disagree. As we stated in State v. King, 372 So.2d 1126, 1128 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980):
While a trial court has the authority to dismiss a cause as a sanction for failure to comply with a court order or for violation of a discovery rule, Fla. R. Crim. P. 3.220(j), State v. Oliver, 322 So.2d 638 (Fla. 3d DCA 1975), the dismissal of charges against a defendant is an extreme sanction and one that should be utilized with caution and only when a lesser sanction would not accomplish the desired result. State v. Smith, 342 So.2d 1094 (Fla. 2d DCA 1977).
Accord, State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980). Here the speedy trial time did not expire until March 2, 1982, so that, as in State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981), a continuance was a viable alternative, since appellee would have had *1061 seven days from the date of the hearing on his motions to dismiss to further prepare for trial, in addition to the five days from the date the information became known to appellee to the date of the hearing.
We are aware that, unlike in Lowe, where the state suggested a continuance, not only was no such suggestion made here, but the prosecutor had flatly stated the day before the hearing that he was opposed to a continuance for any reason. However, it is probable that he was not contemplating the alternative of dismissal at the time he made that statement and would not have been so adamant the day of the hearing had the trial court then questioned his resolve. In any event, the authority to continue a case rests solely in the court, which may impose a continuance over the objection of either party. Furthermore, the trial courts are or should be well aware of the availability of a continuance under proper circumstances, so that a continuance does not cease to be a viable alternative merely because the prosecutor fails to suggest it.
Consequently, we hold that the trial court here abused its discretion in dismissing the indictment against appellee, a continuance being at least one viable alternative under the circumstances.
Accordingly, the order dismissing the indictment against appellee is REVERSED and the cause REMANDED for further proceedings.
RYDER and CAMPBELL, JJ., concur.