SCHWARTZ, Chief Judge.
After the two victims of the armed robbery with which McCloud was charged had testified at the trial and been excused, the defense learned for the first time that they had given conflicting descriptions of the perpetrators to an investigating detective. Notwithstanding a timely demand for discovery under Fla.R.Crim.P. 3.220, the state had never previously informed the defendant of the existence of the statements or the identity of the officer. As a result, having found the manner in which the prosecution was conducted to be an “outrage,” the trial judge dismissed the information.
Particularly in view of the state’s failure below even to propose any appropriate alternative course of action, see Lucas v. State, 376 So.2d 1149 (Fla.1979), we find no abuse of discretion in the imposition of this sanction for the admitted, inexcusable and significant discovery violation established by the record. Fla.R.Crim.P. 3.220(j), see State v. Gomez, 419 So.2d 422 (Fla. 3d DCA 1982); State v. Hilliard, 409 So.2d 211 (Fla. 4th DCA 1982); State v. Oliver, 322 So.2d 638 (Fla. 3d DCA 1975).
Affirmed.