433 So.2d 1357 (1983)
STATE of Florida, Appellant,
v.
Eladio ALFONSO, Roberto Estevez and Stantiago Y. Vallena, Appellees.
No. 82-2104.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
*1358 Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance on behalf of appellees.
HERSEY, Judge.
Appealed is an order dismissing all pending charges against appellees, which was entered as a sanction against the state for a discovery violation.
Appellees initially moved in the trial court for disclosure of the identity of a confidential informant (CI), which motion was granted. Appellee, Estevez, subsequently filed a motion to dismiss the information for failure of the state to make disclosure. After a hearing the trial court again ordered disclosure. When the state failed to comply the motion to dismiss was renewed and ultimately the order appealed from was entered.
At the hearing, the prosecution revealed that the sum total of the state's information was: the CI and an additional witness are brothers; the "phonetic" pronunciation of the additional witness's last name. Neither the state nor the police officers were in actual or constructive possession of any addresses or any additional information.
The issue is whether the ultimate sanction of dismissal was appropriate where the state had no ability to comply with the order. Dismissal of charges and discharge of the defendant is an appropriate sanction for wilful refusal by the state to comply with an order compelling disclosure. See State v. Weinfurt, 409 So.2d 1187 (Fla. 4th DCA 1982); State v. Hilliard, 409 So.2d 211 (Fla. 4th DCA 1982). Where the violation is not wilful, however, dismissal is inappropriate. See, e.g., State v. Banks, 418 So.2d 1059 (Fla. 2d DCA 1982). This is particularly apt where no prejudice has been demonstrated.
The state had precious little information to disclose but there was disclosure to the extent possible. Under such circumstances dismissal is unwarranted. We therefore reverse and remand for further proceedings.
REVERSED and REMANDED.
HURLEY and DELL, JJ., concur.