445 So.2d 605 (1984)
The STATE of Florida, Appellant,
v.
Richard DEL GAUDIO, a/k/a "Richie," and Howard Turnoff, Appellees.
Nos. 82-770, 82-774.
District Court of Appeal of Florida, Third District.
January 31, 1984.
Rehearing Denied March 12, 1984.
*606 Jim Smith, Atty. Gen., Janet Reno, State Atty. and Gertrude M. Novicki and Anthony C. Musto, Asst. State Attys., for appellant.
Louis Vernell, Sunny Isles, James G. Roth, Miami Beach, Kurt Marmar, Coral Gables, for appellees.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The question presented by the State's appeal is whether dismissal of criminal charges is a permissible sanction under Florida Rule of Criminal Procedure 3.220 where the State has been grossly negligent and dilatory in furnishing the defendants with essential discovery material, which delay has not affected the defendants' ultimate ability to defend against the charges and has not, as yet, been found to have *607 violated their right to a speedy trial guaranteed by Florida Rule of Criminal Procedure 3.191. We conclude that under the circumstances described, dismissal of the charges was not warranted. Accordingly, we reverse the order under review and remand the case to the trial court for further proceedings.

I.
In July 1981, the defendant DelGaudio was charged in two informations with conspiracy, gambling, extortion, criminal mischief and other activities; the defendant Turnoff was charged with extortion, criminal mischief and conspiracy to commit such offenses.[1] The investigation leading up to the filing of these charges generated an extensive amount of documents, surveillance reports, tapes of intercepted conversations, pen register printouts, and the like. The defendants promptly requested this discovery material, and by October 1981 found it necessary to seek the aid of the court to obtain the production. After two court orders requiring, inter alia, the production of the pen register printouts did not succeed in bringing about the required production, the defendants moved to dismiss the charges against them. On December 30, 1981, satisfied by the State's representation that all discovery material had now been produced, the trial court denied the defendants' motions to dismiss.
Trial was to begin on January 4, 1982, the last day possible within the speedy trial rule. However, on December 30, 1981, after being advised that the case would have to be assigned to another trial judge in order for the trial to begin as scheduled, the defendants, to avoid this reassignment, agreed to extend the speedy trial time to May 1, 1982.
On February 3, 1982, the State's earlier representation that all discovery material had been furnished was belied when it turned over to the defense additional and arguably crucial surveillance reports. This turn-over precipitated the filing by the defendants of a motion to dismiss under Rule 3.220 based on the discovery violation, and a motion for discharge for violation of the speedy trial requirements under Rule 3.191. The trial court granted the motion to dismiss and specifically declined to rule on the motion for discharge.

II.
The authority to impose sanctions for a party's failure to comply with an applicable discovery rule or court order concerning discovery in a criminal case is found in Florida Rule of Criminal Procedure 3.220(j):
"(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed, or enter such other order as it deems just under the circumstances.
"(2) Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court."
Although the choice of sanction is within the discretion of the trial court, see Richardson v. State, 246 So.2d 771 (Fla. 1971); McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981); State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981); accord, United States v. Bockius, 564 F.2d 1193 (5th Cir. *608 1977),[2] the appellate court may determine whether this discretion has been abused, see Filgueiras v. State, 291 So.2d 21 (Fla. 3d DCA), cert. denied, 295 So.2d 113 (Fla. 1974); accord, United States v. Bullock, 551 F.2d 1377 (5th Cir.1977).
Dismissal of an information or indictment is "an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists." State v. Lowe, 398 So.2d at 963. See State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980). Accord, United States v. Campagnuolo, 592 F.2d 852, 865 (5th Cir.1979) ("The supervisory powers of a district judge ... allow him to impose the extreme sanction of dismissal of an indictment with prejudice only in extraordinary situations."); United States v. Miranda, 526 F.2d 1319, 1324 n. 4 (2d Cir.1975). The obvious rationale for limiting the sanction of dismissal of criminal charges to only those cases where no other sanction can remedy the prejudice to the defendant is to insure that the public's interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor's misconduct. And, of course, where the prosecutor's failure to make discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. Because the rule authorizing the imposition of sanctions for discovery violation was "never intended to furnish a defendant with a procedural device to escape justice," Richardson v. State, 246 So.2d at 774, even when a defendant has been tried and convicted without having been furnished discovery material to which he was entitled, and the material is thereafter disclosed and made available to him, the relief granted is not dismissal of the charges, but a new trial,[3]Goldberg v. State, 351 So.2d 332 (Fla. 1977); Waters v. State, 369 So.2d 979 (Fla. 3d DCA 1979), dismissed, 386 So.2d 642 (Fla. 1980). Accord, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

III.
When a discovery violation is called to the trial court's attention by a *609 defendant's timely objection or motion, Lucas v. State, 376 So.2d 1149 (Fla. 1979), the court is required to conduct the hearing prescribed by Richardson v. State, 246 So.2d 771, in which hearing it must determine "what effect, if any, did [the violation] have upon the ability of the defendant to properly prepare for trial."[4]Richardson v. State, 246 So.2d at 775 (quoting Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970)). While it is the State's burden to prove the defendant has not been prejudiced, and "the circumstances establishing non-prejudice ... [must] affirmatively appear on the record," id.; but see Collier v. State, 353 So.2d 1219 (Fla. 3d DCA 1977) (placing the burden of proof on the defendant); Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980), cert. denied, 398 So.2d 1352 (Fla. 1981), approved for other reasons in Webb v. State, 398 So.2d 820 (Fla. 1981) (same), if the defendant is shown not to have been prejudiced by the violation, no sanction may be imposed against the State. Richardson v. State, 246 So.2d at 774. Cf. Lucas v. State, 376 So.2d at 1151. Thus,
"[t]he key question in a situation in which a discovery violation is alleged is whether or not the defendant was significantly prejudiced by the State's failure to produce the requested evidence... . If the defense were prejudiced, Florida law would require reversal whether or not the State had acted in good faith... . But where prejudice is not shown by the noncompliance, reversal is not warranted."

Jones v. State, 360 So.2d 1293, 1296-97 (Fla. 3d DCA 1978) (citation omitted).
See also Miller v. State, 435 So.2d 258 (Fla. 3d DCA 1983); Collier v. State, 353 So.2d 1219. Accord, United States v. Ariza-Ibarra, 651 F.2d 2 (1st Cir.), cert. denied, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981); United States v. Bullock, 551 F.2d 1377; United States v. Acosta, 526 F.2d 670 (5th Cir.), cert. denied, 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976); United States v. Johnson, 390 F. Supp. 1049 (E.D.N.Y.), aff'd, 525 F.2d 999 (2d Cir.1975), cert. denied, 424 U.S. 920, 96 S.Ct. 1127, 47 L.Ed.2d 327 (1976).[5]
*610 The existence of prejudice, then, is the sine qua non for relief from a discovery violation. Assuming, arguendo, that a defendant who has triggered the State's obligation to furnish information and material within the State's possession and control suffers some prejudice to his ability to prepare for trial for as long as that disclosure is not forthcoming, such prejudice is completely removed when the defendant is provided with the discovery information and material and is afforded an adequate opportunity to make use of the information and material in the preparation of his defense. When the State furnishes the discovery sufficiently in advance of the scheduled trial date to enable the defendant to utilize the discovery in the preparation of his defense, there is no longer any prejudice from the previous delay. If the discovery material and information comes too late to permit the trial to proceed as scheduled, the prejudice is extinguished when the trial is continued.[6]See State v. Banks, 418 So.2d 1059 (Fla. 2d DCA), rev. denied, 424 So.2d 760 (Fla. 1982) (reversing dismissal; continuance appropriate sanction where despite State's failure to notify defendant of certain eyewitnesses to alleged crime, defendant learned of such information some twelve days before the expiration of the speedy trial period); State v. Lowe, 398 So.2d 962 (reversing dismissal; continuance appropriate sanction where State furnished discovery on eve of trial, and three weeks remained before expiration of speedy trial period); State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980) (reversing dismissal; continuance appropriate sanction as to those defendants who had waived speedy trial rights); State v. King, 372 So.2d 1126 (vacating dismissal; continuance appropriate sanction where, although State inexcusably late in making discovery material available to defendant, defendant had earlier waived right to speedy trial). See also Byrd v. State, 380 So.2d 457 (affirming denial of motion to exclude chemist's report which was not timely furnished to defendant, since case continued and not tried until approximately ninety days after report furnished). Thus, it is manifest that whatever prejudice to a defendant's ability to defend against the charges may be said to arise from a delay in providing him with discovery is cured when he is provided with such discovery, and there is no other impediment to his utilizing it in the preparation of his defense.
We emphasize that the case before us is one in which the discovery information and material have been made available to the defendants, albeit late, and they have not been prejudiced in the preparation of their defense. In such a case, the reasons for the delay in furnishing the discovery, that is, was the State's violation inadvertent or willful, are relevant only for the purpose of subjecting counsel for the State to an appropriate sanction pursuant to Florida Rule of Criminal Procedure 3.220(j)(2). But in the absence of prejudice, the reasons for the delay are not relevant for the purpose of imposing the sanctions provided for in Rule 3.220(j)(1).[7]

*611 IV.
We fully recognize that the belated furnishing of discovery, although, as we have said, not itself a basis for dismissal, may create such a delay in the defendant's readiness for trial as to infringe upon his separate, but related, right to a speedy trial. Where material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant's motion for discharge based on the speedy trial rule violation. See State v. Burris, 424 So.2d 128 (Fla. 1st DCA 1982) (a continuance not qualifying as being caused by exceptional circumstances and not caused by the defendant is charged to the State and does not toll or extend the speedy trial time); State v. Lowe, 398 So.2d at 963 (although dismissal inappropriate where discovery material furnished three weeks before speedy trial period was to expire, if the court's trial docket could not accommodate the required continuance, "at worst the prosecution would be terminated by expiration of the time allowed for speedy trial"). Therefore, a defendant will not be forced to choose between his right to have discovery and an adequate time to utilize it in preparing for trial and his right to a speedy trial.
Here, however, the defendants waived their right to be tried within the speedy trial period and their concomitant right to discharge if they were not so tried. But had the defendants been informed prior to their waivers that there was discovery material and information that had not been *612 furnished to them, they may not have waived their rights to a speedy trial, but insisted instead on a continuance of the trial to be charged to the State. And if the information or materials which were subsequently furnished to the defendants would have necessitated a continuance of the trial beyond the expiration of the speedy trial time, then the defendants, but for their waivers, might have been entitled to a discharge under the speedy trial rule. The question which must be addressed by the trial court upon remand is whether, considering all the circumstances, these waivers should be set aside and the defendants' right to discharge restored.
We are not unsympathetic with the trial court's frustration with the Assistant State Attorney's disregard of his obligations to make discovery.[8] We have simply said that the sanction of dismissal is inappropriate absent irreparable prejudice to the defendant, no matter how recalcitrant or negligent the State may be. Where the prejudice can be cured by the imposition of some lesser sanction, the lesser sanction is to be employed. Sanctions directed against the offending attorney rather than the State's case are always available to punish willful violations of discovery rules or orders, without regard to whether the violation prejudiced the defendant.
Reversed and remanded.
NOTES
[1] DelGaudio was charged in Circuit Court Case No. 81-15007 in eighteen counts, four of which (Counts 10 through 13) charged Turnoff. In August 1981, the State filed a separate information, Case No. 81-18575, charging DelGaudio and Turnoff with the same offenses found in Counts 10 through 13 of the earlier information, and thereafter nolle prosequied Counts 10 through 13 of Case No. 81-15007. The orders under review dismiss the remaining charges against DelGaudio in Case No. 81-15007, and dismiss the charges against DelGaudio and Turnoff in Case No. 81-18575.
[2] Federal cases interpreting Rule 16(d)(2) (formerly 16(g)) of the Federal Rules of Criminal Procedure, upon which Florida Rule of Criminal Procedure 3.220 is based, are persuasive authority. See comment to Rule 3.220.
[3] Thus, it is clear that the harm to the defendant from the discovery violation must be such that it cannot be repaired by any sanction short of dismissal. Obviously, that was not the case in State v. McCloud, 431 So.2d 694 (Fla. 3d DCA 1983), in which this court, we think erroneously, affirmed a dismissal grounded on the fact that "[a]fter the two victims of the armed robbery with which McCloud was charged had testified at the trial and been excused, the defense learned for the first time [despite an earlier discovery demand] that they had given conflicting descriptions of the perpetrators to an investigating detective." 431 So.2d at 695. Surely the lesser sanction of mistrial would have cured any prejudice to the defendant, and if, indeed, the prosecutor's conduct was willful, other sanctions could have been visited on the prosecutor.

While it is conceivable that the result reached in McCloud could be justified had it been found that to retry the defendant after the initial bad faith prosecution was aborted would violate his right not to be twice placed in jeopardy, there is not the slightest indication in the court's decision that double jeopardy was the basis for the dismissal. Indeed, the cases cited in McCloud, State v. Gomez, 419 So.2d 422 (Fla. 3d DCA 1982), State v. Hilliard, 409 So.2d 211 (Fla. 4th DCA 1982), and State v. Oliver, 322 So.2d 638 (Fla. 3d DCA 1975), all of which involved dismissals before trial, indicate that the dismissal in McCloud was simply grounded on the discovery violation. In both Gomez and Hilliard, there are findings that the discovery violations adversely affected or irreparably prejudiced the defendant's ability to prepare for trial. Since the facts set forth in these decisions are sparse, it is difficult to determine whether the violation was curable by a lesser sanction, infringed on the defendant's right to speedy trial, or involved an outright refusal to produce needed discovery. Oliver, on the other hand, affirmed a dismissal based on the State's failure to comply with a request to produce a copy of a search warrant and the affidavit for the warrant. There is nothing in Oliver to indicate that the State declined to furnish these documents, that the documents were lost or destroyed, or that the defendant's right to a speedy trial had been violated by the delay. Assuming, therefore, that Oliver was a dismissal based on a discovery violation where there was no prejudice to the defendant, it, too, is in derogation of the rule laid down in Richardson v. State.
[4] Of course, prejudice to the defendant is irrelevant where the State is not obliged to furnish the discovery in the first instance, and thus, the State's inaction or refusal does not constitute a discovery violation. In such a case, the imposition of any sanction against the State  and, a fortiori, dismissal of the charges  is impermissible. See State v. Valdes, 443 So.2d 302 (Fla. 3d DCA 1983) (dismissal improper where State fails to produce State's witnesses for deposition); State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981) (dismissal improper where, assuming, arguendo, that defendants who asserted an entrapment defense made a sufficient showing to warrant deposing confidential informants, the informants' refusal to testify on self-incrimination grounds was not a discovery violation); State v. Ashley, 393 So.2d 1168 (Fla. 3d DCA 1981) (dismissal improper where State fails to produce out-of-state witness for deposition, since State under no obligation to do so); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974) (exclusion of testimony of certain witnesses and dismissal of information improper where witnesses listed by State fail to appear for defense deposition where no indication that non-appearance procured by State); Mason v. State, 375 So.2d 1125 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980) (affirming trial court's refusal to dismiss case where State failed to produce key witness for defense deposition). Similarly, where the State has disclosed the information to the extent possible, no sanction is warranted. State v. Alfonso, 433 So.2d 1357 (Fla. 4th DCA 1983).
[5] In State v. Alfonso, 433 So.2d 1357, the court indicated that the defendant's entitlement to relief turned on the willfulness vel non of the State's violation:

"Dismissal of charges and discharge of the defendant is an appropriate sanction for wilful refusal by the state to comply with an order compelling disclosure. See State v. Weinfurt, 409 So.2d 1187 (Fla. 4th DCA 1982); State v. Hilliard, 409 So.2d 211 (Fla. 4th DCA 1982). Where the violation is not wilful, however, dismissal is inappropriate. See, e.g., State v. Banks, 418 So.2d 1059 (Fla. 2d DCA 1982). This is particularly apt where no prejudice has been demonstrated." 433 So.2d at 1358.
But, as will be seen, n 7, infra, willfulness is a consideration only where it is first found that the defendant has been prejudiced by the discovery violation as, for example, in cases where evidence has been destroyed. In our view, Alfonso's suggestion that all willful discovery violations call for dismissal without regard to how the violation prejudiced the defendant and that negligent violations do not call for dismissal in the face of otherwise irreparable prejudice is clearly wrong and in derogation of the rule of Richardson.
Of the same genre as Alfonso are cases which gratuitously discuss willfulness or the lack thereof where there is no prejudice to the defendant which arises from the discovery violation, and there is no issue concerning a sanction to be imposed against counsel. See, e.g., State v. Brown, 393 So.2d 1195 (Fla. 3d DCA 1981); Miller v. State, 435 So.2d 258; State v. King, 372 So.2d 1126. Since it is enough to say that where there is no prejudice to the defendant, there can be no dismissal, exclusion of evidence, mistrial, etc., further discussion of lack of willfulness misleadingly implies that had the violation been willful, dismissal would be appropriate despite the absence of prejudice.
[6] Where, unlike the present case, the discovery information or material is adverse to the defendant, the prejudice may be removed by prohibiting the State from introducing the material or calling the witness.
[7] In contrast to the present case are cases in which the disclosure of information or material is never forthcoming, either because of the State's outright refusal to comply with a discovery order, see, e.g., State v. Weinfurt, 409 So.2d 1187 (Fla. 4th DCA 1982); or because the discovery material has been lost or destroyed, see, e.g., State v. Sobel, 363 So.2d 324 (Fla. 1978). It is in these cases where the reasons underlying the State's failure to furnish the discovery is relevant and is to be balanced against the importance of the missing evidence to defendant in determining the sanction to be imposed. Thus, for example, if the State demonstrates that the destroyed material would be of no value to the defendant in the preparation of his defense, and the evidence was not destroyed in a bad faith effort to deprive the defendant of its use, dismissal of the charges is unwarranted. See State v. Sobel, 363 So.2d 324 (affirming denial of motion to dismiss upon finding of good faith destruction of unintelligible tapes of part of drug transaction); Budman v. State, 362 So.2d 1022 (Fla. 3d DCA 1978) (affirming denial of motion to dismiss upon finding of good faith destruction of inaudible tapes of drug transaction); State v. James, 404 So.2d 1181 (Fla. 2d DCA 1981) (reversing grant of motion to dismiss upon finding of good faith destruction of contraband, where defendant who had deposed chemist had ample opportunity to test contraband, and contraband routinely destroyed only after inordinate delay in prosecution unlawfully caused by defendant's escape); State v. Bissett, 410 So.2d 196 (Fla. 5th DCA 1982) (same). But where it is shown that the destroyed material unquestionably contained evidence favorable to the defendant, dismissal is required even though the State's unnecessary destruction of the evidence was done in good faith. See Farrell v. State, 317 So.2d 142 (Fla. 1st DCA 1975) (reversing denial of motion to dismiss, where destroyed tape contained entire conversation concerning drug transaction between defendant and police, conversation stipulated to contain evidence favorable to defendant's entrapment claim, and tape destroyed after defendant's request for production). Cf. Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979); cert. denied, 383 So.2d 1203 (Fla. 1980) (reversing conviction and ordering suppression of contraband, where destruction by State's chemist of entire amount of seized contraband, although not done in bad faith, was unnecessary to testing process and deprived defendant of right to test substance). See also State v. James, 404 So.2d at 1181 ("Where the destruction of evidence is unnecessary and is not an unavoidable result of the testing process, introduction of testimony concerning the evidence may violate defendant's due process rights."). However, where the material in question is unavoidably and necessarily consumed during a testing process conducted by the State, then no sanction whatsoever is warranted. State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979).

Therefore, as the foregoing cases illustrate, where discovery cannot be made, dismissal may or may not be an appropriate sanction, depending on the extent of the prejudice to the defendant and the reason why the evidence is gone. In the present case, however, the evidence exists and has been furnished to the defendants, and the question is merely whether delay in furnishing discovery materials  putting aside any consideration of speedy trial rights and considering only the defendants' ability to defend  can be a basis for dismissal of the criminal charges. The answer, we think, is clear. Where a defendant is in fact furnished the material and is provided an adequate time to prepare his defense after the material is furnished, delay in furnishing the material is not, ipso facto, a ground for dismissal of the charges.
[8] The State Attorney is responsible for evidence which is being withheld by other state agents, such as law enforcement officers, and is charged with constructive knowledge and possession thereof. State v. Coney, 294 So.2d 82 (Fla. 1974).