478 So.2d 1119 (1985)
STATE of Florida, Appellant,
v.
Eladio ALFONSO, Roberto Estevez and Santiago Vallina, Appellees.
No. 84-707.
District Court of Appeal of Florida, Fourth District.
November 13, 1985.
Rehearing, Rehearing and Certification of Conflict Denied December 26, 1985.
*1120 Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellant.
Robert H. Trachman, Raymond W. Russell, Mary Catherine Bonner, and Robert L. Bogen of Braverman & Holmes, Fort Lauderdale, for appellees.
Rehearing, Rehearing En Banc and Certification of Conflict Denied December 26, 1985.
PER CURIAM.
At issue is whether the trial court abused its discretion by imposing the most severe of all sanctions, dismissal of the charges and discharge of the defendants. We affirm because the state has failed to demonstrate an abuse of discretion.
Defendants, charged with various drugrelated offenses, obtained a court order requiring disclosure of the identity of the state's confidential informant. The state neither complied with this order nor petitioned for certiorari review. Consequently, the defendants filed a motion to dismiss. At the resulting hearing, the prosecutor revealed that there were two individuals whose identities were subject to disclosure under the order. Also, the prosecutor stated that he had just talked to Officer Alfred Scotti of the Fort Lauderdale Police Department and that "[Scotti] can provide the names of both informants, but he told me he feels he will have difficulty getting the addresses." Based on this representation, the trial court denied the motion to dismiss and ordered the state to divulge the names and addresses of both confidential informants within twenty-four hours.
Twenty-two days passed and another hearing was held before the trial court. The defense complained that the prosecutor had given only first names of the confidential informants, and the phonetic pronunciation of the last name of one of them. The prosecutor gave no addresses and did not produce the confidential informants for deposition as required by the trial court's order. The prosecutor responded that he had divulged everything in his possession. He said:
The police officers are not either in actual or constructive possession of the address of either of those two persons, and neither am I. Consequently, I cannot provide that for the Court and they don't know. It has been represented to me they don't know the address of either one *1121 or know the whereabouts of the confidential informant. I understand he only calls the police from time to time to provide information. They have no permanent address, to my knowledge, or phone number for him, and that is where I am. Consequently, it's impossible for me to produce either of them.
The trial court granted the defendants' motion to dismiss and, the state appealed. We reversed. See State v. Alfonso, 433 So.2d 1357 (Fla. 4th DCA 1983). Essentially, we held that because the state had divulged all the information it possessed, albeit in the most laggardly fashion, its compliance could not be characterized as a wilful violation. Thus, we reversed the dismissal and remanded the matter for further proceedings. Our opinion, however, did indicate that "[d]ismissal of charges and discharge of the defendant is an appropriate sanction for wilful refusal by the state to comply with an order compelling disclosure." Id. at 1358.
The defendants then took the deposition of Officer Alfred Scotti. He testified that (1) he was unaware that the defense had been attempting to discover the identities of the confidential informants; (2) the assistant state attorney in charge of the case had never contacted him to obtain the names and addresses of the confidential informants; and (3) the Fort Lauderdale Police Department had in its possession documentation sheets on each confidential informant. These documentation sheets had been available from the outset of the case and contained extensive background information on each confidential informant. For example, they contained the informant's complete name, his code name, address, date of birth, driver's license number and the names of both parents.
Next, the defendants deposed one of the confidential informants. He testified that (1) he had worked as a confidential informant for the organized crime division of the Fort Lauderdale Police Department for the past four years; (2) he has been in touch with the police on a regular basis over that period; (3) during the same period he has been involved in approximately forty deals with the police; (4) the police know where he lives and works and have been in regular contact with him; and (5) he has been paid for his work as a confidential informant and received approximately $20,000 for his efforts in 1983.
Armed with this information, the defense renewed their motion for dismissal of the charges, claiming that the state had perpetrated a fraud in the trial and appellate courts. The trial court agreed, finding that "it has been established that the State had the full ability to comply with the previous trial court orders and that the record reflects that the investigating officers were aware of this information at the time the State advised the trial court and the appellate court of its inability to comply with the Order to disclose the confidential informant." Accordingly, the court dismissed the charges and discharged the defendants.
For the purposes of this opinion, we need not determine which governmental agency prevented disclosure in this case. In determining what material is within a party's possession for disclosure purposes, Florida courts have uniformly held that a police agency's refusal to disclose materials is imputed to the prosecution, even when the prosecution has demanded that the subsidiary agency disclose the information and the police agency has refused to do so. In short, information within the possession of the police is considered to be in the possession of the prosecution. See, e.g., Antone v. State, 355 So.2d 777 (Fla. 1978); State v. Lowe, 398 So.2d 962, 963 n. 1 (Fla. 4th DCA 1981) (Sheriff's office's fault imputed to State Attorney's Office); Hutchinson v. State, 397 So.2d 1001 (Fla. 1st DCA 1981). See also State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), review denied, 453 So.2d 45 (Fla. 1984) (State Attorney is responsible for evidence which is being withheld by other state agents, such as law enforcement officers, and is charged with constructive knowledge and possession thereof for discovery purposes).
The decision to impose sanctions for a discovery violation, and the severity thereof, are matters for the trial court's sound discretion. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); see also Lightbourne v. State, *1122 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); United States v. Hartley, 678 F.2d 961 (11th Cir.1982), cert. denied, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983). Indeed, this court cannot interfere with the trial court's decision absent a finding that no reasonable person would have imposed the sanction in question. Mercer v. Raine, supra.
In the case at bar, the prosecution, as the offending party, had the burden of proof in the trial court to show that the defendants had not been prejudiced by the prosecution's discovery violation. Hill v. State, 406 So.2d 80 (Fla. 2d DCA 1981); see also Hofmeister v. State, 381 So.2d 352 (Fla. 5th DCA), review denied, 388 So.2d 1114 (Fla. 1980); Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980). Moreover, on appeal, the prosecution had the burden of demonstrating that the trial court abused its discretion in its choice of sanctions. In our view, the state satisfied neither of these burdens. Accordingly, the order on appeal is
AFFIRMED.
ANSTEAD, HURLEY and DELL, JJ., concur.