# STATE OF FLORIDA v HUNT

## Case No. 88-95AC10 (County Court Case No. 88-14858MM10)

Seventeenth Judicial Circuit, Broward County

December 12, 1989

### APPEARANCES OF COUNSEL

**Carolyn V. McCann, Esquire,** Assistant State Attorney, for appellant.

**Kayo E. Morgan, Esquire,** for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, Circuit Judge.

THIS CAUSE having come before the Court upon the appeal by the State of Florida of an Order granting the Appellee's Discharge based on a speedy trial violation. The Court having reviewed appellate briefs, and without request by either of the parties to have oral argument,

finds that this cause is remanded to the trial court for further proceedings in accordance with this opinion.

The pertinent dates are as follows:

1. June 12, 1988; the defendant is arrested for driving under the influence.

2. June 29, 1988; the state filed an information.

3. July 13, 1988; the defense filed a demand for discovery.

4. July 18, 1988; the defendant appeared for arraignment and pled not guilty to the charges.

5. July 29, 1988; first trial date set by court date is reset by the court because no discovery had been furnished by the state to the defense.

6. August 1, 1988; second trial date set by court. A continuance was requested by the defense who stipulated that he was not waving his speedy trial rights. The defense attorney also indicated that he had received the discovery but was unable to take any depositions over the weekend. The court indicated that a request for a continuance would function legally as a waiver of speedy trial.

7. August 12, 1988; new trial date is reset after State requests a continuance due to the unavailability of a witness.

8. September 9, 1988; trial date is again reset due to the unavailability of a State's witness. Trial date reset for September 23.

9. October 21, 1988; defense motion for discharge is granted.

The Question: Should the defense request for a continuance of August 1, 1988 be charged against the defendant or the state?

The record is absent as to whether a discovery violation was asserted by the defense or that it was ever requested by the defense that the trial court address a discovery violation. The trial court lulled the State into believing that the continuance of August 1st would be charged against the defense. A mere statement of a defense counsel of neither having time nor having taken depositions does not necessarily result in a discovery violation. Even if a violation of the discovery rule has been committed it may not necessarily result in prejudice to the defendant to the extent that a discharge is warranted. Of course there is no presumption of prejudice. This Court further observes that on the trial date of August 1st no request was made by the defense counsel to immediately take prior to trial either the oral statements of the witnesses or their depositions.

102

There is still the question of whether a discovery violation was every alleged in the trial court. However assuming there was, whenever a discovery violation is alleged the trial court is required to conduct a hearing to determine whether a violation has taken place. This inquiry should determine whether the violation was inadvertent or willful; whether the violation was trivial or substantial and most importantly what effect if any, it had upon defendant's ability to prepare for trial. *Richardson v State,* 246 So.2d 771 (Fla. 1971). A defense continuance will normally be charged to the state if the court finds that ". . . an actual state violation of the discovery rules *and* (emphasis added) that late or inadequate discovery was furnished . . ." *Granade v Ander,* 530 So.2d 1050 (Fla. 3DCA 1988). Pursuant to *State v Del Gaudio,* 445 So.2d 605 (Fla. 3DCA 1984) discovery must be furnished within sufficient time to permit the defendant to make use of it without having to forfeit his right to a speedy trial. Therefore, the lower court in conducting this hearing must also find that the defendant has been prejudiced by the discovery violation in order to sanction a discharge. See, *Del Gaudio,* at 610. A defense request for a continuance generally waives speedy trial rights unless any exceptions apply.

The trial court did not conduct a hearing as is required whenever a discovery violation is alleged. In the case at bar:

1. no hearing or find as to the alleged discovery violation was made *and*

2. whether late or inadequate discovery was furnished *and*

3. whether as a result of both 1 and 2 there was a finding of prejudice as a matter of fact and law to the defendant.

Based on the foregoing this Court is unable to answer the question presented to it, therefore it remands this case to the trial court with instructions to conduct an inquiry into whether the defense asserted a discovery violation and if so then the trial court must follow the dictates of *Del Gaudio* and *Richardson* pursuant to the numbered paragraphs listed above.

ORDERED AND ADJUDGED that this Cause is remanded to the Trial Court for further proceedings in accordance with this opinion.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 12th day of December, 1989.

*Editor's Note:* A Motion for Rehearing and Clarification was filed on behalf of the Appellee on December 26, 1989. The court, in its appellate capacity, denied the motion on September 20, 1990.