PER CURIAM.
The state appeals from an order excluding from evidence the results of DNA analysis in this prosecution for murder. The defendant, Tammy Trummert, has been incarcerated pending charges of first degree murder since June 27,1992. During that time she has had three different attorneys. It appears that the delay in trial in this matter can be attributed to both the defendant’s succession of attorneys and state continuances.
The defendant filed her original discovery motion in July, 1992. Since then she has filed several motions seeking lab and test results of evidence and blood found at the victim’s home, as well as blood taken from the defendant. The trial court ordered the state to produce copies of the test and lab results on November 4, 1993, and March 7, 1994.
At a March 3, 1994 status conference, the state moved for a continuance, and requested that it be allowed to take blood samples from the defendant for DNA analysis. The state made the request for DNA testing after learning that the testing had not been done by the original assistant state attorney assigned to the ease. The trial court granted the continuance allowing the blood samples to be drawn, and reminded the state that it was under a continuing duty to supply the defendant with any new evidence.
At a March 31,1994 status conference, the state moved for a two month continuance to allow completion of the DNA testing and to allow the state to take the deposition of a defense witness. The defendant opposed the continuance, arguing that both the deposition and the testing could have been done at an earlier time. The trial court granted the state a continuance.
The defendant filed a demand for speedy trial on April 7, 1994, and her trial was set for May 23,1994. At calendar call, the state handed the defendant new evidence consisting of DNA analysis, and the name of a new witness who was to testify in connection with the evidence. The defendant moved to exclude the evidence and strike the witness based on the state’s failure to produce as directed by the trial court’s previous orders. The defendant argued that the state had two years to conduct the testing. She argued that the state’s late production put her in the position of either giving up her right to a speedy trial, or proceeding with further discovery on the evidence just handed to her. The state argued that it completed the testing as quickly as possible and that exclusion was an extreme sanction because there was no prejudice or surprise as to these matters. The trial court granted the defendant’s motion and excluded the DNA analysis and witness testimony about the analysis.
The defendant argues that the state had ample time within the two years that the defendant was in jail to analyze blood samples. She maintains that because the state failed to comply with previous orders and failed to conduct the testing at an earlier time, she was faced with the decision to give up her constitutional right to a speedy trial or her right to complete and conduct discovery in preparing her defense. She asserts that the trial court made a proper inquiry under Richardson v. State, 246 So.2d 771 (Fla.1971), and that the state has not shown an abuse of discretion.
The state concedes that providing DNA analysis results to the defense four days before the running of the speedy trial period prejudiced the defense in that it would have been difficult for the defense to prepare for trial. The state also does not dispute that the defense was entitled to a “just remedial order.” However, the state maintains that the Richardson doctrine does not apply as *968 there was no discovery violation because it presented the report to the defense as soon as it was available and that exclusion was too harsh a sanction. The state suggests that a short court continuance was the proper remedy.
The circumstances of this case show that the state was delinquent in complying with discovery requirements because it failed to conduct the DNA analysis at an earlier time and provide the results in compliance with court orders. The key question when the state has been delinquent in complying with discovery requirements is whether prejudice to the defendant has resulted. State v. Hutley, 474 So.2d 233, 236 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 596 (Fla.1986); State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), petition for rev. denied, 453 So.2d 45 (Fla. 1984). The critical question is whether material discovery was furnished so late as to impair the defendant’s preparation of his defense within the speedy trial period. Hutley, 474 So.2d at 236.
Judge Glickstein reminds us in State v. Hutley, approving an observation by Judge Pearson in Del Gaudio, of “the too frequently forgotten principle that the public’s interest in bringing the accused to trial [is] not to be sacrificed in the name of punishing the prosecutor’s misconduct.” Id. We rely again on that principle in this case, although we specifically do not label the prosecution’s inaction here misconduct.
As in Hutley, the short additional continuance required to complete DNA testing, documentation, and disclosure to appellee would not impinge on the defendant’s constitutional right to a speedy trial.
What we have is the state’s negligent failure to proceed with DNA testing at an earlier time. This is not a discovery violation. While some type of sanction may be appropriate for the prosecution’s shortcomings, the interests of the citizens of the State of Florida should not be jeopardized by imposing the extreme sanction of exclusion of what may well be crucial evidence, particularly where the only prejudice to the accused is a slight additional delay. Nor do we think the speedy trial rules are to be used to curtail essential trial preparation or to exclude evidence produced by that preparation in the absence of a serious discovery violation. Under such circumstances the state should have been granted a continuance for a reasonable time.
We reverse and remand for trial (which was stayed while this appeal was pending) on the assumption that the passage of time occasioned by this appeal will have permitted the state to conclude the testing and disclose such testing to the defense.
REVERSED AND REMANDED.
HERSEY, STONE and KLEIN, JJ., concur.