763 So.2d 1159 (2000)
Ronald KLOSSETT, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4266.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1160 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant pled no contest to felony DUI, specifically reserving his right to appeal the denial of his motion to suppress. He now appeals, arguing that the State's failure to give him notice prior to subpoenaing his medical records requires exclusion of the evidence. We agree and reverse.
An accident caused the defendant to be injured and hospitalized. The State charged him with felony DUI and subpoenaed all of the defendant's hospital medical records. The defendant moved to suppress all medical records, arguing he was never given notice that the State intended to subpoena his medical records, as required by section 395.3025 of the Florida Statutes.
At the suppression hearing, the defendant testified he lived at 2138 SE Harrison Street in Stuart, that he was arrested there, and that this address appeared on his medical records and on the police reports. He testified he never received notice the State intended to subpoena his medical records and he never had the opportunity to object to the issuance of the subpoena.
The prosecutor who issued the subpoena also testified. According to her testimony, she intended to give the defendant notice of the subpoena two weeks prior to the hospital receiving it, but she admitted she incorrectly addressed the defendant's notice. She testified that because it was routine practice not to include a return envelope or request return service, she had nothing to prove the defendant had notice of the subpoena. The trial court denied the defendant's motion, ruling that the State had attempted in good faith to comply with the notice provision of section 395.3025.
Section 395.3025 provides in pertinent part as follows:
(4) Patient records are confidential and must not be disclosed without the consent to the person to whom they pertain, but appropriate disclosure may be made without such consent to:
. . .
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
The purpose of the notice requirement under section 395.3025(4)(d) is to allow the patient an opportunity to object to the release of his or her medical information, thus requiring the State to show the relevancy of the records requested before the subpoena issues. State v. Rutherford, 707 So.2d 1129, 1131-33 (Fla. 4th DCA 1997) (en banc). Thus, where the State fails to send notice to a defendant or his attorney prior to issuing a subpoena, the medical records received pursuant to the subpoena are properly suppressed. Id. at 1130, 1132-33; see Hunter v. State, 639 So.2d 72 *1161 (Fla. 5th DCA 1994). The issue of a defendant not receiving notice due to the State's clerical erroras is the case hereappears to be one of first impression.
Here, although the State could have taken precautions to ensure the defendant had noticesomething as simple as double-checking the defendant's address, requesting confirmation he received the notice before issuing the subpoena, or simultaneously sending a copy of the notice to his attorney within enough time to allow the defendant to objectit did not. Had the State taken any of these steps, then the defendant's privacy rights would have been protected. Rather, the State's negligence cost the defendant a valuable right. The proper remedy is suppression.
Accordingly, we reverse the trial court's order denying suppression.
REVERSED.
DELL and GUNTHER, JJ., concur.
WARNER, C.J., concurs specially with opinion.
WARNER, C.J., concurring specially.
I concur in the result. Although the state argues that the good faith exception to the exclusionary rule should apply, see United States v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984), I do not find that the state's actions constitute good faith. Here, the notice was sent to 3138 SE Harrison Street, rather than 2138 SE Harrison Street. While the state intended to give notice to the appellant, the carelessness in failing to send it to the correct address resulted in no notice being given. The good faith exception of Leon does not apply to facially deficient descriptions in search warrants, and should not apply to facially deficient addresses on envelopes, something just a moment of proofreading would catch. See id. at 914-15, 922-23, 104 S.Ct. 3430.