CORRECTED OPINION

PER CURIAM.
This cause is once again before us for reconsideration, pursuant to the Supreme Court of Florida’s order vacating our affir-mance, of Sneed’s conviction and sentence for second degree murder. We previously relinquished jurisdiction to the trial court, for a factual determination of whether the police made good faith efforts to properly obtain Sneed’s medical records pursuant to State v. Johnson, 814 So.2d 390 (Fla.2002). The lower court successor judge, without the benefit of an evidentiary hearing, made a finding that, among other things, the police did not initially obtain the Sneed’s medical records in good faith. Because we conclude that this finding is not supported by competent, substantial evidence in the *476 record, we vacate this finding and once again remand this cause for an appropriate evidentiary hearing and factual determination.
Timothy Sneed Was charged with second degree murder for the shooting death of Cory Thompkins on or about October 5, 1998. On the day after the shooting, Sneed appeared at Pan American Hospital complaining of a gunshot wound. The police obtained Sneed’s medical records from the hospital without giving notice to Sneed ór his attorney, in violation of section 395.3025(4)(d), Florida Statutes (1998)[1]. The state later filed a notice of intent to subpoena Sneed’s medical records, this time following the proper statutory procedure. Sneed moved to suppress the hospital records, arguing that the taint from the original illegal seizure could hot be cured by a later, proper request. The trial court denied the motion to suppress.
At trial, Sneed pled self-defense. As there were no independent witnesses to the incident, the states evidence was primarily circumstantial. Sneed testified in his own defense that he went to the victims apartment and the victim pulled a gun on him. A struggle ensued, according to Sneed, in which the gun went off, killing the victim. The state argued, in closing, that Sneed should not be believed, in part, because of discrepancies between his statements in the hospital records and the testimonies of the nurse and the doctor who had treated him. Sneed was found guilty and sentenced to thirty-five years in prisons; with a three-year minimum mandatory.
On appeal, Sneed argued that the trial court erred in admitting the hospital records, where they had first been obtained in violation of section 395.3025(4)(d). We affirmed the conviction and sentence but certified conflict with State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997), Klossett v. State, 763 So.2d 1159 (Fla. 4th DCA 2000) and State v. Johnson, 751 So.2d 183 (Fla. 2d DCA), review granted, 767 So.2d 461 (Fla.2000). Sneed v. State, 802 So.2d 458 (Fla. 3d DCA 2001).
In State v. Johnson, 814 So.2d 390 (Fla.2002), the Florida Supreme Court held that hospital records obtained in violation of section 395.3025 did not have to be excluded or suppressed if the state made a good faith effort to comply with the statutory requirements. Id. at 394. As a result of this decision, the Supreme Court vacated our earlier decision in this ease and remanded it to us for our reconsideration. See Sneed v. State, 821 So.2d 301 (Fla.2002). We, in turn, relinquished jurisdiction to the trial court for a factual determination of the good faith issue in accordance with the Johnson decision.
Upon our relinquishment of jurisdiction, the trial judge, as successor judge to this cause, issued the following finding one day prior to departing the circuit court for the federal bench:
When the police initially obtained the Defendant’s medical records, they did not make a good faith effort to follow proper statutory requirements for compelling disclosure of the Defendant’s medical records. Subsequent to the police obtaining the Defendant’s medical records, the State obtained the Defendant’s medical records by following the proper statutory procedures.
*477 This successor trial judge, however, did not conduct an evidentiary hearing on the issue of good faith. Consequently, there is no record support for the trial court’s purported findings. Since there is no competent, substantial evidence in the record to support the trial court’s factual findings, they may not stand and we vacate the same. See Hines v. State, 737 So.2d 1182, 1184 (Fla. 1st DCA 1999)(holding standard of review of findings of fact is whether competent, substantial evidence supports findings).
We therefore find it necessary once again to relinquish jurisdiction to the trial court for a proper factual determination based upon competent, substantial evidence, of whether the state (which includes the police as an arm of the state)[2], acted in good faith when it initially obtained the Sneed’s hospital records. For this purpose, jurisdiction is relinquished to the trial court for a period of forty-five days.
Jurisdiction relinquished and remanded with instructions.

. The statute provides, in pertinent part:
4) Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent ...:
[[Image here]]
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
395.3025(4)(d), Fla. Stat. (1998).

. See State v. Alfonso, 478 So.2d 1119, 1121 (Fla. 4th DCA 1985) ("[IJnformation within the possession of the police is considered to be in the possession of the prosecution.").