876 So.2d 1235 (2004)
Timothy SNEED, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3618.
District Court of Appeal of Florida, Third District.
June 16, 2004.
*1236 Bennett H. Brummer, Public Defender and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.
GREEN, J.
Timothy Sneed appeals his conviction for second degree murder, arguing that the State used illegally obtained hospital records to convict him. We reverse Sneed's conviction and sentence, and remand for a new trial in which Sneed's hospital records must be excluded from the State's case-in-chief.
Timothy Sneed was charged with second degree murder for the shooting death of Cory Thompkins.[1] The day after the shooting, Sneed appeared at Pan American Hospital complaining of a gunshot wound. The police obtained Sneed's medical records from the hospital without giving notice to Sneed or his attorney, in violation of section 395.3025(4)(d), Florida Statutes (1998).[2] The State later filed a notice of intent to subpoena Sneed's medical records, this time following the proper statutory procedure.
Sneed moved to suppress the hospital records, arguing that the taint from the original illegal seizure could not be cured by a later, proper request. The trial court denied the motion. At trial, Sneed pled self-defense and testified in his own behalf. The State used the hospital records to cast doubt on Sneed's credibility. He was found guilty and sentenced to thirty-five years in prison, with a three-year minimum mandatory.
On appeal, Sneed argued that the trial court erred in admitting the hospital records, where they had first been obtained in violation of section 395.3025(4)(d). We affirmed *1237 the conviction and sentence but certified conflict with State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997), Klossett v. State, 763 So.2d 1159 (Fla. 4th DCA 2000) and State v. Johnson, 751 So.2d 183 (Fla. 2d DCA), review granted, 767 So.2d 461 (Fla.2000). Sneed v. State, 802 So.2d 458 (Fla. 3d DCA 2001).
The Florida Supreme Court resolved this conflict among the districts in State v. Johnson, 814 So.2d 390 (Fla.2002), by holding that hospital records obtained in violation of section 395.3025 were admissible where the State had made a good faith effort to comply with the statute. Id. at 394. As a result of that decision, the Supreme Court quashed our earlier decision in this case and remanded to us for reconsideration. See Sneed v. State, 821 So.2d 301 (Fla.2002) (table). We, in turn, relinquished jurisdiction to the trial court for a factual determination of the good faith issue in accordance with Johnson.
Upon relinquishment of our jurisdiction, a successor trial judge found that the police had not acted in good faith. The judge, however, did not hold an evidentiary hearing or cite to any competent, substantial evidence to support the finding. See Hines v. State, 737 So.2d 1182, 1184 (Fla. 1st DCA 1999) (holding standard of review for findings of fact is whether competent, substantial evidence supports findings). We therefore vacated the trial court's finding and again relinquished jurisdiction for an evidentiary hearing on the issue of whether the State (including the police as an arm of the State[3]) acted in good faith when it obtained Sneed's hospital records. Sneed v. State, No. 3D00-3618, ___ So.2d ___, 2004 WL 242088 (Fla. 3d DCA February 6, 2004) (per curiam).
This time, the parties stipulated that an evidentiary hearing was unnecessary and agreed that the court could base its factual determination on the affidavit of Detective Rolando Garcia, the police officer who initially obtained Sneed's hospital records. Garcia averred in his affidavit that he had been unaware of the law protecting patients' medical records at the time he procured them, stating:
While at [the Pan American Hospital], I obtained Mr. Sneed's medical records from the hospital. This was not done at the request or with the knowledge of any Assistant State Attorney. I did not know that there were requirements which had to be fulfilled before acquiring a Defendant's medical records. Had I known, I would certainly have followed those requirements.
Based on this affidavit, the trial court found that the police had not acted in good faith:
Detective Garcia's ignorance of the statutory requirements for compelling disclosure of a defendant's medical records does not make for good faith. Further, prior to obtaining Sneed's medical records, Detective Garcia made no attempt to contact an attorney for the state to verify the legal procedures for obtaining those records.
The State now argues on appeal that (1) the trial court's findings of fact are not based on competent, substantial evidence and (2) the evidence does not support the finding that the State did not act in good faith. We disagree with both contentions.
First of all, Detective Garcia's sworn affidavit provides sufficient competent, substantial evidence for the court to make its determination on the good faith issue. See Dep't of Highway Safety & Motor Vehicles v. Swegheimer, 847 So.2d 545 (Fla. 5th DCA 2003) (finding policeman's *1238 affidavit constitutes competent, substantial evidence). See also Duval Util. Co. v. Fla. Pub. Serv. Comm'n, 380 So.2d 1028, 1031 (Fla.1980) (defining "competent, substantial evidence" as evidence that will establish a substantial basis of fact from which the fact at issue can be reasonably inferred, or such relevant evidence as a reasonable mind would accept as adequate to support a conclusion). The State obviously agreed when it stipulated with the defense for the use of the affidavit by the trial court and cannot be heard to complain now. See Eblin v. State, 677 So.2d 388, 390 (Fla. 2d DCA 1996) ("The state cannot claim error in a ruling it invited the court to make.").
Furthermore, the evidence supports the trial court's finding that Detective Garcia did not act in good faith, as Florida law holds that police officers are charged with knowledge of the law. See Doctor v. State, 596 So.2d 442, 447 (Fla.1992). Moreover, the "good faith" exception is based on an objective standard and expects officers to know the law. Stone v. State, 856 So.2d 1109, 1113 (Fla. 4th DCA 2003). See also Hilgeman v. State, 790 So.2d 485, 487 (Fla. 5th DCA 2001) ("Reasonable suspicion to seize ... did not arise based on the officers' misapprehension of the law."). Consequently, a law enforcement officer's ignorance of the law is not tantamount to good faith.
Based upon the court's finding that the State did not act in good faith, we hold that the original trial court erred in admitting Sneed's illegally obtained medical records. See Johnson, 814 So.2d at 394 (finding that a court may exclude medical records where the State has without good faith violated the statutory procedure in obtaining them). Indeed, suppression of medical records in this case would serve the exclusionary rule's historic purpose by encouraging police officers to become familiar with the proper legal procedures before impulsively seizing private patient records. See State v. White, 660 So.2d 664, 666-67 (Fla.1995).
Having found error, we must next determine whether that error was harmless  that is, whether we can say that there is no reasonable possibility that the error contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). As there were no independent witnesses to the death of the victim, the State's evidence against Sneed was entirely circumstantial. According to Sneed, he went to the victim's apartment, where the victim pulled a gun on him. He and the victim struggled; the gun went off, killing the victim. Thus, Sneed's testimony was crucial, and the jury's verdict depended largely on its view of his credibility. Moreover, the State argued in closing that Sneed should not be believed, in part because of discrepancies between his statements in the hospital records and the testimonies of the nurse and the doctor who had treated him. Based upon this, we cannot find the error to be harmless. We therefore reverse Sneed's conviction and sentence and remand for a new trial consistent with this opinion.
Reversed and remanded for new trial.
NOTES
[1] The shooting occurred on or about October 5, 1998.
[2] The statute provides, in pertinent part:

(4) Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent ...:
* * *
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
§ 395.3025(4)(d), Fla. Stat. (1998).
[3] See State v. Alfonso, 478 So.2d 1119, 1121 (Fla. 4th DCA 1985) ("[I]nformation within the possession of the police is considered to be in the possession of the prosecution.").