998 So.2d 1217 (2009)
L.B.B., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3804.
District Court of Appeal of Florida, Second District.
January 30, 2009.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Dawn Elizabeth Adams, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
L.B.B. challenges the trial court's denial of his dispositive motion to suppress marijuana found incident to his arrest for riding a bicycle without a bell. L.B.B. argues that because a person cannot be arrested for a bicycle infraction, evidence discovered incident to his arrest for that infraction should have been suppressed. We agree and reverse.
*1218 On April 12, 2007, a police officer stopped L.B.B. because he was riding a bicycle at night without a rear light. The officer then noticed that L.B.B.'s bicycle did not have a bell and arrested him pursuant to section 25-186 of the City of Tampa Code, which makes it a second-degree misdemeanor to ride a bicycle without a bell or some other audible warning device. After placing L.B.B. under arrest for the bell violation, the officer searched him and found marijuana. L.B.B. was then charged with possession of cannabis. L.B.B. moved to suppress the marijuana, arguing that under Florida law traffic offenses are noncriminal infractions subject only to civil penalties, not arrest. Therefore, his search incident to arrest was unlawful, and the product of the search should be suppressed. Relying on Thomas v. State, 614 So.2d 468, 471 (Fla.1993), the trial court denied the motion, finding that although the city ordinance could not criminalize conduct which was a civil infraction under Florida Statutes, evidence found as a result of the unlawful arrest did not have to be suppressed because the officer had arrested L.B.B. "in reliance on the city ordinance." The trial court erred in its application of Thomas to the facts of this case.
In Thomas a police officer arrested the defendant for riding a bicycle without a bell in violation of a City of Orlando ordinance. Id. at 469. Incidental to the arrest, the police found a gun in Thomas' pocket. Id. Thomas moved to suppress this evidence, arguing that he could not be arrested for violating a city ordinance, and the trial court denied his motion. Id. On appeal, the Florida Supreme Court noted that under chapter 316, Florida Statutes (1989), traffic offenses related to bicycles are noncriminal infractions subject only to civil penalties. Id. at 470. Therefore, an individual could not be arrested and searched incident thereto for violating a bicycle-related city ordinance. Id. The court explained:
In the case at hand, it is hardly reasonable to subject this Petitioner, who rode a bicycle without a bell, to a full custodial arrest accompanied by a body search and a potential jail sentence....
....
We hold that when a person is charged with violating a municipal ordinance regulating conduct that is noncriminal in nature, such as in the traffic control area, section 901.15(1) only permits a person to be detained for the limited purpose of issuing a ticket, summons, or notice to appear. A full custodial arrest in such situations is unreasonable and a violation of the Fourth Amendment and article I, section 12 of the Florida Constitution.
Id. at 471. Nevertheless, the supreme court held that the trial court had correctly denied Thomas' motion to suppress the evidence obtained as a result of Thomas' arrest because the police had arrested Thomas in reliance on the city ordinance: "[E]vidence obtained after a search incident to an arrest in reliance on a municipal ordinance should not be suppressed even when the ordinance is subsequently declared unconstitutional." Id. (emphasis added).
Based on Thomas, it is clear that a bicycle infraction is noncriminal in nature and that a person cannot be arrested for such infraction. Therefore, L.B.B.'s arrest was unlawful. While the State concedes this, it argues that the motion to suppress was properly denied because, as in Thomas, the officer in this case relied on a city ordinance in arresting L.B.B. and conducting the subsequent search. However, this case is distinguishable from Thomas. In Thomas the supreme court invalidated the penalties contained in the *1219 city ordinance after the defendant's arrest. Thomas was decided fourteen years before L.B.B.'s arrest. Therefore, in the instant case, the officer could not have relied upon a city ordinance that was effectively invalidated fourteen years prior. It appears that fourteen years after the supreme court's decision in Thomas the City of Tampa still had not amended its virtually identical ordinance to reflect the current state of the law in Florida, and its law enforcement officers have apparently continued to arrest individuals for bicycle infractions. Yet, "Florida law holds that police officers are charged with knowledge of the law." Frank v. State, 912 So.2d 329, 331 (Fla. 5th DCA 2005); see also Sneed v. State, 876 So.2d 1235, 1238 (Fla. 3d DCA 2004) (holding that documents obtained in violation of statute should have been excluded from evidence even though police officer claimed he was unaware of the procedural requirements of the statute). The State cannot argue that the police officer in this case relied on the City of Tampa ordinance when an equivalent ordinance was found unlawful in Thomas fourteen years ago. Therefore, the trial court erred in denying L.B.B.'s motion to suppress.
Reversed and remanded for discharge.
DAVIS and WALLACE, JJ., Concur.