[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 18, 2010
JOHN LEY
CLERK

No. 09-14697
Non-Argument Calendar

_____

D. C. Docket No. 08-21415-CV-ASG

TIMOTHY SNEED,

Plaintiff-Appellant,

versus

PAN AMERICAN HOSPITAL, Board of
Directors/Administrators, in their
Individual and Official Capacities,
DR. RAUL HERNANDEZ, in his individual
and Official Capacity,
DET. ROLANDO GARCIA, in his
Individual and Official Capacity,
DET. ORLANDO VILLAVERDE, in his
Individual and Official Capacity,
City of Miami Police Department,
CITY OF MIAMI MAYOR MANUEL (MANNY) DIAZ,
in his Individual and Official Capacity,
et al.,

Defendants-Appellees,

CITY OF MIAMI POLICE DEPARTMENT,

Defendant.

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 18, 2010)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Sneed, a state prisoner proceeding *pro se*, appeals the dismissal of his complaint alleging violations of 42 U.S.C. § 1983. We affirm the district court's judgment of dismissal.

I.

In his complaint, Sneed alleges that various defendants violated his constitutional right to privacy when an emergency room physician gave police detectives Sneed's medical records concerning his gunshot wound. These records were later introduced into evidence at his 2000 murder trial. On appeal, Sneed argues that the district court erred in dismissing his § 1983 claims as time-barred. He contends that his cause of action did not accrue until June 16, 2004, when his murder conviction was reversed by the Florida District Court of Appeals. *See Sneed v. State*, 876 So. 2d 1235 (Fla. Dist. Ct. App. 2004). Sneed also argues that the district court erred by not taking into account his argument that Dr. Hernandez

and Pan American Hospital violated his constitutional right to privacy when the court found that he had no standing to bring an action under the Health Insurance Portability and Accountability Act ("HIPAA").

## II.

We review *de novo* a district court's ruling concerning the statute of limitations. *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999). We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim under 28 U.S.C. § 1915A, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Similarly, we review *de novo* questions of statutory interpretation. *United States v. Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005).

## III.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), *cert. denied*, 128 S. Ct. 2914 (2008). In Florida, where Sneed filed his complaint and the alleged wrongs occurred, the governing limitations period is four years. *See* Fla. Stat. § 95.11(3)(p); *Henyard v. Sec'y, DOC*, 543 F.3d 644, 647 (11th Cir. 2008).

3

Federal law determines the date on which the statute of limitations begins to run. For a § 1983 action, the statute begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (internal quotation marks omitted). State law generally determines tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394, 127 S. Ct. 1091, 1098–99 (2007). None of the circumstances enumerated under state law allowing tolling have occurred in this case. *See* Fla. Stat. § 95.051.

After reviewing the record and reading Sneed's brief, we conclude that the district court did not err in dismissing Sneed's federal claims as time-barred. Sneed's § 1983 action accrued no later than September 22, 2000, when, in Sneed's presence, the state introduced his medical records into evidence at his trial. By that point, if not before, it would have been apparent to a person with a reasonably prudent regard for his or her rights that the medical records had been unlawfully seized by the police. Sneed filed his suit more than four years later. Because the record contains no facts that would support the tolling of the statute of limitations, his § 1983 claims are time-barred, and the district court did not err in dismissing those claims.

IV.

4

HIPAA generally provides for confidentiality of medical records and governs the use and disclosure of protected health information by covered entities that have access to that information and that conduct certain electronic health care transactions. *See* 45 C.F.R. § 164.502. It provides both civil and criminal penalties for improper disclosures of medical information and limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6. "[P]rivate rights of action to enforce federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S. Ct. 1511, 1519 (2001). HIPAA contains no express provision creating a private cause of action.

We decline to hold that HIPAA creates a private cause of action, *see Acara v. Banks*, 470 F.3d 569, 571–52 (5th Cir. 2006), or rights that are enforceable through § 1983. Sneed's argument that, because HIPAA codifies the constitutional right to privacy, there exists an implied private cause of action under HIPAA is unpersuasive. Sneed's claims against Dr. Hernandez and Pan American Hospital are barred by the applicable statute of limitations for the same reasons his other § 1983 claims are time-barred. We conclude therefore, that the district court did not err when it dismissed Sneed's claims.

Finally, Sneed did not brief the district court order regarding his failure-to-train and official capacity claims. We deem those issues abandoned on appeal.

*See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

V.

For the foregoing reasons, we affirm the district court's judgment dismissing Sneed's federal claims with prejudice and dismissing his state claims with leave to re-file in state court.

**AFFIRMED.**