[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15530
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-21415-ASG

TIMOTHY SNEED,

Plaintiff-Appellant,

versus

PAN AMERICAN HOSPITAL,
Board of Directors/Administrators, In their Individual and Official Capacities,
DR. RAUL HERNANDEZ,
In his Individual and Official Capacity,
DET. ROLANDO GARCIA,
In his Individual and Official Capacity, City of Miami Police Department,
DET. ORLANDO VILLAVERDE,
In his Individual and Official Capacity, City of Miami Police Department,
CITY OF MIAMI MAYOR MANUEL (MANNY) DIAZ,
In his Individual and Official Capacity, et al.,

Defendants-Appellees,

CITY OF MIAMI POLICE DEPARTMENT,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2011)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Timothy Sneed pro se appeals the district court's order denying as untimely

his Federal Rule of Civil Procedure 60(b) motion to vacate or set aside the district

court's order dismissing Sneed's 42 U.S.C. § 1983 complaint. After review, we

affirm.[1]

## I. BACKGROUND FACTS

In 1998, Sneed was treated at a hospital for a gunshot wound. The hospital

notified the police. Sneed declined to answer the responding detectives'

questions. The detectives then questioned hospital staff and obtained Sneed's

medical records from a doctor without Sneed's consent and in violation of Florida

law.

_____

[1]We review a district court's denial of a Rule 60(b) motion for an abuse of discretion.
Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

At Sneed's September 22, 2000 state murder trial, Sneed testified that he had shot the victim and received his own gunshot wound while acting in self defense. The prosecution introduced Sneed's medical records and statements from hospital staff to discredit Sneed's testimony. Sneed was convicted of second degree murder. On direct appeal, Sneed's second degree murder conviction was overturned as a result of the admission of the improperly obtained medical evidence. See Sneed v. State, 876 So.2d 1235 (Fla. Dist. Ct. App. 2004). At a second trial on October 12, 2005, Sneed again was convicted of second degree murder.

On May 12, 2008, Sneed pro se filed a § 1983 complaint. Sneed's claims were based on the improperly obtained medical records and statements admitted at his first murder trial. On September 10, 2009, the district court dismissed Sneed's § 1983 complaint because it was not filed within four years of the admission of the medical evidence at the first trial in September 2000.[2] This Court affirmed the dismissal order. See Sneed v. Pan Am. Hosp., 370 F. App'x 47 (11th Cir. 2010), cert. denied, 131 S. Ct. 1482 (2011).

---

[2]The district court originally dismissed Sneed's § 1983 complaint on August 3, 2009, but issued a corrected order on September 10, 2009 when it discovered duplicate pages in the August 3 order.

On October 27, 2010, Sneed filed the instant Rule 60(b) motion to vacate the dismissal order. Sneed's Rule 60(b) motion claimed that, after the district court dismissed his § 1983 complaint as time-barred, Sneed discovered new evidence indicating his § 1983 claims were timely. Specifically, Sneed claimed that while pursuing his state post-conviction relief, he received a copy of the second murder trial transcript and learned that his defense attorney had unsuccessfully objected to the admission of two photographs of Sneed's wounds during a side bar conference. The defense attorney argued that these photographs, taken by law enforcement while Sneed was at the hospital, should not be admitted for the same reasons the medical records and statements could not be admitted. Sneed claimed that this newly discovered evidence established that the four-year statute of limitations ran from the October 12, 2005 second trial date, making his § 1983 complaint filed on May 12, 2008 timely.

The district court denied the Rule 60(b) motion as untimely because it was not filed within one year of the September 10, 2009 dismissal order. Sneed filed this appeal.

## II. DISCUSSION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other

4

things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A Rule 60(b)(2) motion is an extraordinary motion, and "the requirements of the rule must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). A Rule 60(b)(2) motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).[3]

Here, the district court did not abuse its discretion when it denied Sneed's Rule 60(b)(2) motion. The district court's corrected dismissal order was entered on September 10, 2009. Sneed did not file his Rule 60(b)(2) motion until October 27, 2010, more than one year later.

Sneed contends that he did not receive a copy of the September 10, 2009 dismissal order until October 30, 2009 because he was being transferred to a

---

[3]Sneed designated his Rule 60(b) motion as one filed pursuant to Rule 60(b)(6). Rule 60(b)(6) permits the district court to set aside a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6) (emphasis added). A Rule 60(b)(6) motion may be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Sneed does not argue on appeal that his motion was a timely Rule 60(b)(6) motion. In any event, because Sneed's motion was based on newly discovered evidence, it cannot be construed as a Rule 60(b)(6) motion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 n.3 (5th Cir. Unit A Jan. 1981) (explaining that "the fact that the rule itself imposes different time limits on motions under Rule 60(b)(6) and 60(b)(1)-(3), has led to the conclusion that the grounds specified under the first five subsections will not justify relief under subsection (6)"); Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480, AFL-CIO, 460 F.2d 105, 108 (5th Cir. 1972) ("Where either Clauses (b) (1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b)(6).").

different prison facility. However, the one-year time period for filing Rule 60(b)(2) motions runs from the entry of the September 10, 2009 judgment or order Sneed's motion seeks to set aside, not from the time the party receives actual notice of the judgment or order. See Fed. R. Civ. P. 60(c)(1). And, Sneed admits he received the order on October 20, 2009, which was well before the one-year period expired on September 10, 2010. Thus, Sneed's Rule 60(b)(2) motion was untimely.

**AFFIRMED.**