# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2834
Lower Tribunal No. 98-33905
_____


**Timothy Sneed,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Hon. Eric Hendon, Judge.

Timothy Sneed, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, LAGOA and SCALES, JJ.

SCALES, J.

Appellant, Timothy Sneed ("Sneed"), appeals from an order, dated September 18, 2014, denying his pro se motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (as well as from a denial on October 24, 2014, of his motion for re-hearing). At the same time, Sneed petitions this Court for a writ of habeas corpus on the same basis as his appeal. We affirm the trial court's decision, dismiss the petition for writ of habeas corpus, and issue an order to show cause, as described below.

## I.    History of Criminal Case and Post-Conviction Litigation

A jury convicted Sneed of second degree murder on September 22, 2000. He appealed, raising an issue of the admissibility of certain evidence, and won a new trial.[1] At the conclusion of the second trial on October 12, 2005, a jury again found Sneed guilty of second degree murder. He was sentenced to 30 years in state prison. Starting in 2008, he began a seven-year effort (to this point) to have his conviction reversed or his sentence reduced by filing numerous appeals, petitions and motions.[2]

---

[1] There were several stages of appeal. See Sneed v. State, 802 So. 2d 458 (Fla. 3d DCA 2001), quashed, 821 So. 2d 301 (Fla. 2002) (Table); Sneed v. State, 876 So. 2d 1235 (Fla. 3d DCA 2004); Sneed v. State, 934 So. 2d 475 (Fla. 3d DCA 2004).

[2] Sneed's post-conviction litigation has ensued in Miami-Dade Circuit Court, the Third District Court of Appeal, the Florida Supreme Court, and the federal courts. To this Court alone Sneed has filed more than a dozen appeals and petitions, and many collateral motions.

Sneed filed a motion for post-conviction relief pursuant to rule 3.850 on August 29, 2008. After several delays, his motion was heard by the trial court and denied on February 26, 2009. In this rule 3.850 motion, Sneed raised thirteen objections to the process of his criminal trial, most of which pertained to ineffectiveness of counsel. At that same hearing, Sneed presented a second motion relating to the return of seized property. The trial court denied this motion as well. Neither denial was committed to writing.

Subsequently, in response to a petition for writ of mandamus by Sneed, this Court denied the petition without prejudice to Sneed's right to appeal the trial court's February 26, 2009 rulings when reduced to written orders. Sneed v. State, 12 So. 3d 234 (Fla. 3d DCA 2009) (Table). The record suggests that these orders were not immediately memorialized.

Sneed made various filings to this Court in 2009 and 2010 that were consolidated. On June 16, 2010, this Court ordered the memorializing of the trial court's oral pronouncement at the February 26, 2009 hearing. This order, however, instructed the memorializing of the denial of only one of Sneed's two motions that day – the motion pertaining to the return of seized property. Sneed v. State, 38 So. 3d 781 (Fla. 3d DCA 2010) (Table). On September 7, 2010, the trial court issued its written Order Denying Defendant's Motion for Return of Property.

In the meantime, the trial court took up Sneed's original motion for post-conviction relief again. On February 23, 2010, in an extensive and detailed order (the "Order"), the trial court denied Sneed's motion. In effect, the Order served to review and memorialize the trial court's oral denial of February 26, 2009.

In the Order, the trial court reviewed Sneed's thirteen objections. It confirmed that objections 1-3 and 5-13 had been denied earlier. The trial court then analyzed objection 4, which states "[t]rial counsel was ineffective based on his failure to file a motion to interview jurors based on juror misconduct."

Throughout his various pleadings, Sneed has maintained that he is entitled to an evidentiary hearing on objection 4, and, indeed, the trial court had scheduled one for June 9, 2009. Sneed maintains that this evidentiary hearing was postponed from that date and was never rescheduled. While the record before us is not clear, we assume for the sake of discussion that Sneed did not receive this evidentiary hearing.

The Order's inquiry into Sneed's objection 4 was twofold: (1) Does Sneed's claim of ineffective counsel meet the criteria of Strickland v. Washington, 466 U.S. 668 (1984); and (2) Is Sneed entitled to an evidentiary hearing on objection 4? Upon a careful analysis, the trial court determined that the answer to both questions is no.

4

Sneed appealed. He filed an "Emergency Initial Brief" on March 22, 2010. This Court issued an order on July 14, 2010, under case number 3D10-652, which, in part, clarified that Sneed's appeal of the Order, including his "Emergency Initial Brief" and the record, was being transferred to case number 3D10-713. After Sneed filed an additional appeal, this Court consolidated cases 3D10-713 and 3D10-1586. On August 25, 2010, this Court affirmed the Order denying Sneed's motion for post-conviction relief. Sneed v. State, 46 So. 3d 1012 (Fla. 3d DCA 2010) (Table).

At this juncture, Sneed's case for post-conviction relief at the district court of appeal level concluded. Still, Sneed persisted. In 2011, he filed a habeas corpus petition in the trial court and, upon its denial, an appeal to this Court pursuant to Florida Rule of Criminal Procedure 9.141(b). This Court responded on February 8, 2012, with a show cause order as to why Sneed should not be prohibited from further pro se appeals, petitions or motions. Sneed responded to the show cause order. On March 29, 2012, this Court issued a clerk's order discharging the show cause order, while also affirming the trial court's denial of Sneed's petition.

**II.    The 2014 Appeal and Petition**

In July of 2014, Sneed filed another post-conviction motion in the circuit court, which was denied summarily on September 18, 2014, as "time barred and successive." Sneed's motion for re-hearing was denied on October 24, 2014.

On November 25, 2014, Sneed filed his notice of appeal in this Court pursuant to Florida Rule of Criminal Procedure 9.141(b). On December 4, 2014, Sneed also filed with this Court a petition for writ of habeas corpus, accompanied by a motion "to treat appeal as a petition for habeas corpus."

In Sneed's current appeal and petition to this Court, which re-state his arguments dating back to his initial 2008 motion for post-conviction relief, we observe that Sneed misapprehends the extent to which the Order (of February 23, 2010) is of consequence. The Order, affirmed on appeal by this Court in 2010, ended consideration of his thirteen objections, ended his allegation that the denial of those objections was not reduced to writing, and ended his allegation that he was wrongfully deprived of an evidentiary hearing on objection 4.

The decision of this Court affirming the Order was final; further consideration is barred by *res judicata*. *See* Denson v. State, 775 So. 2d 288, 290 n.3 (Fla. 2000). Sneed's framing his arguments in terms of a "manifest injustice" in his current petition and appeal will not resurrect them.[3]

### III. Order to Show Cause

In the recent case of Philpot v. State, this Court stated:

---

[3] In his 2014 petition for writ of habeas corpus, Sneed cites the proposition that relief may be afforded to a litigant raising successive claims in order to prevent a manifest injustice. Stephens. State, 974 So. 2d 455, 457 (Fla. 2d DCA 2008). In Stephens, there was a clear, fundamental error in defendant's sentence. The record in the instant case reveals no error.

6

While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to courts, that right is not unfettered. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So. 2d 47 (Fla. 1999). As our sister court aptly described it, there comes a point when "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995). Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, courts must strike a balance between the pro se litigant's right to participate in the judicial process and the courts' authority to protect the judicial process from abuse.

Philpot v. State, 39 Fla. L. Weekly D1859, 1860 (Fla. 3d DCA Sept. 3, 2014).

Sneed is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal conviction in circuit court case number 98-33905. If Sneed does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by and bear the signature of an attorney who is licensed by and in good standing with the Florida Bar.

Additionally, and absent a showing of good cause, any such further and unauthorized filings by Sneed will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of

7

Corrections for its consideration of disciplinary action, including the forfeiture of gain time. *See* § 944.279(1), Fla. Stat. (2014).

Affirmed. The petition is dismissed.