[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10946

Non-Argument Calendar

_____

TIMOTHY SNEED,

Plaintiff-Appellant,

*versus*

MARK S. INCH,
Secretary Florida Department of Corrections,
L. SANTANA,
Bureau of Sentencing Specialist,
DOUG WIENER,
Chief of State Investigations,
STACEY HAYNES,
Inspector General,

Defendants-Appellees,

OFFICE OF INSPECTOR GENERAL, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cv-00534-AW-MJF

_____

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Sneed, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint. Mr. Sneed named as defendants several Florida Department of Corrections officials and alleged that they violated his constitutional rights by failing to properly credit him for time served. He also raised a state-law claim for false imprisonment. The district court determined that his federal claims were barred by *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), and declined to exercise jurisdiction over his state-law claim. Because we agree with the district court that a § 1983 action is not the proper vehicle for Mr. Sneed's claims for

equitable relief and because, to the extent he seeks monetary damages, granting him relief would necessarily lessen his sentence, we affirm.

## I

Mr. Sneed originally was convicted of second-degree murder and sentenced to 35 years' imprisonment for the shooting death of Cory Thompkins. *See Sneed v. State*, 876 So. 2d 1235, 1236 (Fla. 3d DCA 2004) ("*Sneed I*"). The Third District reversed and remanded for a new trial, *see id.* at 1238, but in 2006 he again was found guilty and sentenced to 30 years' imprisonment. At that time, his written sentence reflected an award of 465 days credit for time served. *See Sneed v. State*, 99 So. 3d 514, 514 (Fla. 3d DCA 2011) (mem) ("*Sneed II*").

In the meantime, in April of 2009, Mr. Sneed filed a motion under Fla. R. Crim. P. 3.800(a) to correct his sentence, arguing that he was entitled to 2,746 days credit for time served prior to his 2006 resentencing. The trial court granted his motion in part and in March of 2010 entered a corrected sentence awarding him credit for 1,265 days of time served. He moved for rehearing and clarification, asserting that this total was incorrect and that he was entitled to an additional 1,481 days of credit. The trial court summarily denied him relief but the Third District reversed and remanded for a determination of the proper amount of credit for time served. *See Sneed II*, 99 So. 3d at 514-15.

In August of 2011 the trial court entered a corrected sentence for Mr. Sneed. It stated that he was "ENTITLED TO AN

ADDITIONAL TWO THOUSAND SEVEN HUNDRED AND ONE (2701) DAYS" credit for time served. *See* D.E. 14-1 at 9 (Exh. C). Based on this order, the Department of Corrections credited Mr. Sneed 2,701 days for timed served and calculated his tentative release date as December 30, 2026.

Upon belief that he was entitled to the 1,265 days credited in March of 2010 *and* the so-called "additional" 2,701 days credited in August of 2011, Mr. Sneed filed several grievances. According to Mr. Sneed, the DOC had effectively rescinded the initial award of 1,265 days' credit, which the subsequent August 2011 award of credits had not explicitly "nullif[ied]." The DOC denied his grievances and, in response, Mr. Sneed filed multiple actions across the Florida courts. In affirming the denial of one such action, the Third District issued an order stating that Mr. Sneed "was not awarded an additional credit of 2,701 days for time served. The trial court recalculated the number of days served and awarded the defendant a total (both location time and state time) of 2,701 days." *Sneed v. State*, No. 3D11-2822 (Fla. 3d DCA Jan. 5, 2012) (Miscellaneous Order (OR999)) ("*Sneed III*"). Mr. Sneed then filed a petition for writ of mandamus, which the state circuit court denied because the relief he requested "contradict[ed] the Third District's order." *Sneed v. Dep't of Corr.*, No. 2012-CA-001587, D.E. 23 at 9 (Fla. Cir. Ct. Aug. 1, 2013). The First District affirmed.

Mr. Sneed then filed this *pro se* § 1983 action. In his amended complaint, he alleged that the DOC deprived him of due process when it "rescinded" the March 2010 award of 1,265 days' credit for

time served without a hearing. In turn, he claimed that the additional, unwarranted term of imprisonment constituted false imprisonment in violation of the Fourth Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and double jeopardy in violation of the Fifth Amendment. He also raised a non-specific supervisory liability claim and a state-law claim for false imprisonment. As to redress, he requested (1) declaratory relief in the form of ordering the DOC to hold a hearing to determine its authority to rescind the March 2010 award "without a valid court order to do so" and, in turn, the constitutionality of his confinement under the sentence as imposed, and (2) monetary damages.

A magistrate judge issued a report, recommending that the district court dismiss without prejudice Mr. Sneed's amended complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim. The magistrate judge concluded that Mr. Sneed's claims for equitable relief challenged the fact or duration of his confinement and, thus, were properly raised only in a habeas corpus petition. As to his claims for monetary damages, they were *Heck*-barred because granting him relief would necessarily imply the invalidity of his sentence. And without a free-standing federal claim, the district court should decline to exercise pendent jurisdiction over his state-law claim. The district court adopted the report over objection and dismissed Mr. Sneed's amended complaint without prejudice. This appeal followed.

## II

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).  *See Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003).

Our resolution of Mr. Sneed's claims for equitable relief is straightforward.  Under *Preiser*, 411 U.S. at 494, "a prisoner seeking injunctive relief which lessens the period of confinement must bring the claim in a habeas corpus petition." *Gwin v. Snow*, 870 F.2d 616, 621 (11th Cir. 1989).  Here, Mr. Sneed requests a hearing with the ultimate goal of availing himself of an additional 1,265 days of credit for time served.  That is, he seeks to lessen his 30-year sentence (minus 2,701 days) by another 1,265 days.  This he cannot do through a § 1983 action.  To acquire the equitable relief he desires, Mr. Sneed must proceed under habeas corpus.  *See id.*

On appeal, Mr. Sneed appears to argue that his equitable claims circumvent *Preiser* because he seeks to prevent a prospective harm.  *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (holding that *Preiser* does not "preclude a litigant with standing from obtaining by way of ancillary relief an otherwise proper injunction enjoining the prospective enforcement of invalid prison regulations").  *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pro se filings are "to be liberally construed").  Specifically, he argues that he is under an ongoing threat of danger of contracting the COVID-19 virus based on the DOC's inadequate treatment protocols and prolonged by its recission of the March 2010 credit award.  But our inquiry is concerned with the particular relief Mr. Sneed requested.

*See Gwin*, 870 F.2d at 621. And focusing on that relief, Mr. Sneed is not attempting to enjoin the DOC's medical protocols, but rather is asking us to reduce his chances of contracting an illness while incarcerated by ordering the DOC to give him an additional 1,265 days' credit for time served. His attenuated argument cannot distract us from this point—that what he seeks in his complaint is a lesser sentence. *See United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (claims challenging the denial of credits against a custodial sentence "must be addressed as habeas corpus petitions under 28 U.S.C. § 2241").

We now turn to Mr. Sneed's claims for money damages, which the district court dismissed as *Heck*-barred. *Heck* bars a state prisoner's suit seeking damages under § 1983 when success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. That is, there must be a "*necessary* logical connection between a successful § 1983 suit and the negation of the underlying [sentence]." *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007). Indeed, if speedier release would automatically flow from success on a § 1983 claim, the *Heck* bar generally applies. *See Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1193 (11th Cir. 2020). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that a § 1983 action is barred if success in that action would necessarily spell immediate or speedier release of the prisoner). And if *Heck* applies, dismissal is mandated unless the prisoner can show that the related criminal judgment has been invalidated. *See Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019).

Mr. Sneed's claims all have the same problem: if we grant him relief on any claim, it means that the "rescission" of the March 2010 award of credit was unconstitutional. For all of his claims—whether they arise under the Fourth, Fifth, Eighth, or Fourteenth Amendments—the alleged injury stems from that "rescission." He claims he is being unreasonably detained, denied sufficient process, and subjected to double jeopardy and cruel and unusual punishment because the defendants deprived him of an additional 1,265 days' credit for time served (notwithstanding the Third District's order effectively condoning their actions, *see Sneed III*, OR999). Remediating that harm necessarily means lessening his sentence by 1,265 days. Consequently, his claims fall squarely within those barred by *Heck*. *See Harrigan*, 977 F.3d at 1193.

Additionally, the district court did not err in declining to exercise supplemental jurisdiction over Mr. Sneed's state-law false imprisonment claim. Because the court lacked an independent basis for original jurisdictional after dismissing his federal constitutional claims, it was justified in declining to exercise pendent jurisdiction over his state-law claim at this early stage in the proceeding. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). *See also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Accordingly, dismissal was warranted.

### III

The district court's dismissal without prejudice of Mr. Sneed's amended complaint is affirmed.

**AFFIRMED.**